FILED
99 DEC 13 AM 10: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GLENDA CARNEGIE and IDA JOHNSON, on behalf of themselves and all others Similarly Situated | |
| Plaintiffs, | Civ.No.: CV-99-S-3292-NE |
| vs. | CLASS ACTION |
| MUTUAL SAVINGS LIFE INSURANCE COMPANY | Plaintiff Demands a Trial by Jury |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs bring this action both individually and on behalf of the class of persons defined below against Mutual Savings Life Insurance Company, and pursuant to their investigation, upon knowledge as to themselves and their own acts and otherwise upon information and belief, for their Complaint allege as follows:

## I. JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Glenda Carnegie is a resident of Collinsville, DeKalb County, Alabama. Plaintiff Ida Johnson is a resident of the State of Florida.

2. Defendant, Mutual Savings Life Insurance Company, ("Mutual Savings") is an Alabama Corporation which conducts substantial business in the State of Florida and Alabama.

3. A substantial number of the events or omissions which gave rise to the Plaintiffs' claim took place in DeKalb County, Alabama.

4. Federal jurisdiction exists with respect to the Federal claim pursuant to 28 U.S.C § 1331. The Court has supplemental jurisdiction of all remaining claims pursuant to §1367.

## II. NATURE OF THE CASE

5. This is a class action seeking redress for a nationwide fraudulent scheme and common course of conduct involving racial discrimination, deceptive sales practices, unconscionable conduct, overreaching, fraud and deception by Mutual Savings relating to the training of its agents and the marketing, sale and administration of so-called "industrial" life insurance policies. As used in this Complaint, the terms "Policies", "Industrial Policies" and "Industrial Life Insurance" refer to industrial life insurance policies (some of which are known as "burial" life insurance policies) marketed, sold or administered by Mutual Savings.

6. This action is brought by Plaintiffs as a class action on behalf of all African-American persons who have (or had at the time of the Policy's termination) an ownership interest in one or more Industrial Policies issued by Mutual Savings, and whose Policies were issued and administered based upon the nationwide unconscionable scheme and common course of conduct described herein and who were thereby harmed (the "Class" or "Class Members").

7. Plaintiffs seek injunctive and equitable relief, compensatory damages, punitive damages and other remedies for Mutual Savings' unlawful, unconscionable and racially discriminatory conduct described herein in connection with the training of its agents and the sale and administration of Industrial Life Insurance Policies to Plaintiffs and Class Members.

8. For more than fifty years, Mutual Savings has maintained a fraudulent, unlawful and unconscionable scheme in order to increase its own revenues and profitability to the detriment of

Class Members, by implementing uniformly misleading, deceptive, unconscionable, and racially discriminatory sales and Policy administration practices. Mutual Savings instituted these practices, inter alia, in order to compete with other insurance companies offering similar types of Policies.

9.      Industrial Life insurance is a life insurance product with relatively low face value which is typically, although not always, less than $20,000, and premium payments which are intentionally designed to appear to the policyholder to be modest premium payments. These premium payments have been historically collected on a weekly or monthly basis by Mutual Savings sales agents.

10.     As part of its nationwide scheme Mutual Savings targeted low income, impoverished, unsophisticated and minority segments of the population and marketed the Industrial Life Insurance product for sale to these consumers. In addition, on information and belief, for many years, Mutual Savings, pursuant to its own policies and procedures routinely, knowingly and intentionally charged African-American individuals more for these Policies than it charged similarly situated Caucasian individuals. On information and belief, to the extent this practice changed, African-Americans who purchased Industrial Policies before this discriminatory practice changed, continued to pay the same premiums which had been established under the discriminatory pricing system. Mutual Savings also, as part of its routine practice and procedures, prohibited its agents from selling ordinary life insurance policies to African-Americans. Mutual Savings was motivated by discriminatory intent and continues to discriminate against African-Americans in the manner set forth below.

11.     Mutual Savings constructed the Industrial Policies with small face value and charged weekly or monthly premiums often under $1.00. Mutual Savings has marketed these Policies

through agents who are given exclusive territories, known as "debit routes." To effectuate the sale and administration of the Industrial Policies on a "debit" basis, Mutual Savings agents have been trained to personally visit the homes of Class Members residing on their routes to collect the premiums and develop a personal relationship with the Class Members that would facilitate the sale of additional insurance products in the future. Mutual Savings has trained its agents to market and sell these Policies as "burial" protection to manipulate the emotions of prospective policyholders by instilling in, or playing to, a sense of shame in leaving their loved ones without funds to pay for a funeral at the time of their death.

12.     In designing, developing, marketing and selling these Policies, at all times Mutual Savings and its agents have known that they had targeted a disadvantaged segment of the population which was unsophisticated with respect to insurance and related financial dealings or affairs and ill-equipped to understand the unfamiliar and technical language of the Policies, or the complex and sophisticated methods of determining premium payments. Mutual Savings and its agents have known that the premiums appear small and affordable to Class Members, and that at the time of purchase the death benefit totaled more than these disadvantaged individuals could conceive of saving in their lifetime. Mutual Savings has known but has never disclosed to Class Members what these targeted, unsophisticated Class Members did *not* know; that over the normal life expectancy of these Class Members, the small premiums would far exceed the face value of the Policies.

13.     Mutual Savings designed the Industrial Policies to create the illusion that they would provide valuable yet affordable death benefits. In reality, the Policies are unconscionable products which were calculated to generate tremendous profits for Mutual Savings with little attendant risk

to Mutual Savings and little or no economic benefit for the unsuspecting and vulnerable Class Members. Mutual Savings has achieved this diseconomy by designing the Policies to accrue little, if any, cash value for the benefit of the Plaintiffs and Class Members. Furthermore, unlike traditional ordinary participating life policies, the Mutual Savings Industrial Policies do not provide increasing death benefits over the duration of the Policies, nor, in many instances, do the Industrial Policies endow by a date certain. At the same time, although the premiums appeared small and affordable, the premiums are exorbitant in relation to the minimal death benefits actually provided to Plaintiffs and Class Members. Mutual Savings has known that Industrial policyholders would pay premiums over their lifetime which would exceed the face value of the Policies by enormous amounts often more than double the death benefit. Below is a chart which provides information regarding certain of the Plaintiffs' Policies to illustrate Policy overpayment by the Plaintiffs and the Class:

| **Plaintiff** | **Policy Number** | **Premiums Paid** | **Death Benefit** |
|---|---|---|---|
| Glenda Carnegie | 1759741 | $1,884.48 | $1,000.00 |
| Ida Lee Johnson | 6884563 | $2,300.00 | $1,000.00 |

Further, Mutual Savings has known that, in the event of lapse for nonpayment of premium, Mutual Savings' practice is to conceal any cash value from its policyholders and to use any cash value to pay premiums until any and all value of the Policy is completely depleted.

14. Given the design features of the Industrial Policies, Mutual Savings has known that virtually no transfer of risk to Mutual Savings has taken place. Mutual Savings also has known that to the extent that any risk was transferred, it was *de minimis* and would quickly dissipate over the

life of the Policies. As Mutual Savings expected, the Company's profits have continued to expand and the *de minimis* risk, if any, has been quickly eliminated. This process has accelerated in that mortality and interest experience improved and Mutual Savings has continued collecting premiums based on outdated and improper pricing assumptions.

15. Because Mutual Savings' Industrial Policies do not accrue significant cash values, if any, and do not afford increased death benefits, they have little or no value to Plaintiffs and Class Members upon termination. As a consequence, Class Members are required to continue making premium payments long after the premiums exceed the face value of the policies or face losing all of the premiums they have paid without receiving anything.

16. Industrial Life Insurance is an insurance product which is inferior to ordinary life insurance for among other reasons, the reasons identified in the paragraphs above. Mutual Savings has trained, allowed or encouraged its agents to routinely sell Industrial products to Plaintiffs and Class Members when the Class Members' best interest would have been served, assuming an insurance need existed, by traditional ordinary life insurance of similar face amounts.

17. Mutual Savings has trained, directed and knowingly allowed its agents to sell multiple policies where policyholders had no need for the insurance and where multiple Industrial Policies were used to reach a cumulative total of face amount which, in the best interest of the Plaintiffs and Class Members, could have been achieved through use of ordinary life policies of comparable value. Mutual Savings has had knowledge when multiple sales occurred through its established home office issuance procedures, nevertheless, Mutual Savings maintained this practice because of the excessive profitability of the Industrial Life insurance products.

18.     Mutual Savings has knowingly and intentionally set out to cut the administration costs associated with the acquired Policies even when doing so worked to the detriment of its African-American policyholders.  Mutual Savings issued Industrial Policies which were, for many years, serviced by agents on weekly debit routes.  In furtherance of its plan to increase its profits and decrease its costs at the expense of African-American policyholders, Mutual Savings terminated or modified the practice of weekly premium collection by debit agents throughout the country on in-force Industrial Life Policies.  Mutual Savings has not reduced premium payments, however, even though the costs associated with the weekly debit system were expense loaded into the premium at the time of Policy issuance.  This practice of weekly premium collection by agents had been in place since the inception of certain Industrial Policies and was part of the course of dealing between the African-American policyholders and Mutual Savings.

19.     Mutual Savings' plan, scheme and nationwide common course of conduct was designed to and did induce thousands of existing and prospective African-American policy owners to purchase Industrial Life Insurance Policies from Mutual Savings.  Plaintiffs and Class Members have lost and/or face losing millions of dollars in premiums paid for racially discriminatory Policies, or premiums which exceed the face value of the Policies or which exceed a reasonable or appropriate total of premiums which should have been paid for their Policies.

20.     The sales practices described herein have been successful for Mutual Savings.  Mutual Savings has received millions of dollars of premium income on the Policies including millions of dollars of premiums which cumulatively exceed the reasonable or appropriate total of premiums which should have been paid for the Industrial Policies.

21.     Life insurance premiums constitute the consideration paid to an insurer for the issuance and delivery of a policy of life insurance. Insurance premiums are determined by multiplication of the rate (or unit charge) to the measure of exposure or amount of insurance provided in an insurance policy.

22.     Rate making is the process of establishing rates used in insurance to estimate the future costs associated with the transfer of risk. Insurance rates are established by actuaries employed by life insurance companies, including Mutual Savings. Actuaries hold themselves out, and are held out by their employers, to be professionals charged with the duty to act in the public interest. The American Academy of Actuaries has adopted Actuarial Standards of Practice as well as a Code of Professional Conduct. The Preface to the Actuarial Standards of Practice provides that Actuaries are expected to provide counsel which is not only in the clients' interest but also in the interest of the public. Actuaries are to act in the public interest with, "competence, integrity and objectivity of a high order."

23.     The premiums established and charged to Plaintiffs and the Class by Mutual Savings for Industrial Life Insurance Policies are racially discriminatory, excessive, unfair, unconscionable, unlawful and unreasonable and were designed to and have yielded a rate of return on these life insurance products for Mutual Savings which is unreasonable.

24.     The running of the statute of limitations has been suspended with respect to any claims which Plaintiffs or other members of the Class have brought as a result of the unlawful and fraudulent course of conduct alleged herein. Mutual Savings affirmatively and fraudulently concealed its unlawful scheme and course of conduct from Plaintiffs and the Class. Plaintiffs and

the Class had no knowledge of Mutual Savings' discriminatory scheme and unlawful conduct, nor did they have any of the facts which might have led to the discovery of Mutual Savings' wrongdoing until some time shortly before the filing of the complaint.

25. Alternatively, the statute of limitations has been suspended under the doctrine of equitable tolling as a result of the fraudulent, overreaching and unconscionable conduct of Mutual Savings.

## III. FACTUAL ALLEGATIONS

**Glenda Carnegie**

26. Glenda Carnegie is a resident of DeKalb County, Alabama. She is an African-American woman and is 45 years of age.

27. In 1975, Ms. Carnegie was sold an Industrial Life Insurance Policy with a $1,000 face amount. To date, Ms. Carnegie has paid more than $2,300 in premiums for this Policy.

28. Ms. Carnegie purchased the Policy under a weekly debit collection system. Sometime before 1999, Mutual Savings unilaterally altered or terminated the weekly debit collection system. However, Mutual Savings continues to collect the same premium amount for the Policies which had been expense loaded for weekly collection.

29. Ms. Carnegie is a member of the Class. On information and belief, Ms. Carnegie was discriminated against with respect to the issuance and administration of this policy as a result of Mutual Savings' discriminatory practices alleged above. A copy of the Policy is attached hereto as Exhibit "A".

**Ida Lee Johnson**

30.    Ida Lee Johnson is a resident of Bartow, Florida.  Mrs. Johnson is a 74-year old African-American, and lives in one of the minority communities that was targeted by Mutual Savings for the sale of Industrial Life Insurance.  Mrs. Johnson, who is a homemaker, is the wife of Willie J. Johnson.  Mrs. Johnson is a member of the Class, and upon information and belief has paid discriminatory premiums on her Policy and has otherwise been discriminated against as a result of Mutual Savings' discriminatory practices alleged above.

31.    On April 9, 1962, Mutual Savings sold Mrs. Johnson an Industrial Policy bearing the policy number 6884563.  (See attached Exhibit "B").  Mrs. Johnson is the insured under the Policy.

32.    Mrs. Johnson purchased the Policy when she resided in Atlanta, Georgia.  The Policy was purchased from Mutual Savings under an arrangement whereby the agent personally collected weekly premium payments during routine visits to Mrs. Johnson's home.  At the outset, agents of Mutual Savings collected a weekly premium of $.96.

33.    Sometime before 1990, Mutual Savings converted from debit collection to require payment by mail.  However, Mutual Savings continues to collect the same premium which was expense loaded for weekly collection.  A total of $1,884.48 has been paid in premiums.  The Policy bears a face value of $1,000.00.

## IV.  ALLEGATIONS REGARDING MUTUAL SAVINGS'S FIDUCIARY DUTY AND RELATIONSHIP OF TRUST AND CONFIDENCE WITH CLASS MEMBERS

34.    Mutual Savings has repeatedly acknowledged and affirmed its relationship of trust

and confidence with its policyholders, including Plaintiffs and the Class defined herein.

35.     Mutual Savings held and holds a relationship of trust and confidence with Plaintiffs and Class Members as a result of the following:

a)      Mutual Savings is an insurer which subjects Mutual Savings to more stringent standards of conduct than those normally arising out of contract;

b)      Mutual Savings cultivated a relationship of trust and confidence in Plaintiffs and Class Members, through inter alia, Mutual Savings' marketing, sales literature and sales presentations and servicing of the Industrial Insurance products purchased by Plaintiffs and Class Members;

c)      The Industrial Policies purchased by Plaintiffs and Class Members were contracts of adhesion that were prepared by Mutual Savings and were not subject to negotiation. Plaintiffs and Class Members did not possess bargaining power equal to that of Mutual Savings; and

d)      Policy owners often had prior relationships with Mutual Savings, and Mutual Savings trained and/or allowed its agents to abuse and manipulate those relationships to create trust and confidence in Plaintiffs and Class Members and used such trust and confidence to sell Mutual Savings Industrial Policies rather than ordinary insurance or other products which were appropriate and suitable to Plaintiffs and the Class.

36.     Based on the foregoing, Mutual Savings owed Plaintiffs and Class Members fiduciary duties, including the duty to not discriminate, the duty of good faith and fair dealing, the duty of full

and fair disclosure, and the duty of care arising out of its relationship with Plaintiffs and Class Members.

37. Mutual Savings had a duty to provide complete and truthful information to Plaintiffs and Class Members when selling Mutual Savings policies, including, without limitation, providing full disclosure including disclosure of any prior misrepresentations or omissions.

38. By engaging in the conduct alleged herein, Mutual Savings breached its duties to Plaintiffs and Class Members by omitting and failing to disclose, while under a duty to do so, numerous material facts as set forth fully throughout this Complaint. Plaintiffs and the Class suffered economic damages as a result of the breach.

39. In addition to its duties derived from its relationship of trust and confidence, Mutual Savings had an independent duty to disclose information to Plaintiffs and Class Members by virtue of its special relationship with them. Mutual Savings had sole knowledge of, or access to, material facts including, but not limited to:

a) The basis for calculation of the premium on its Industrial Life Insurance Policies;

b) That during the normal life expectancy of Plaintiffs and the Class the total of premiums paid would equal the face value of the policy;

c) The net premium paid for the policies;

d) That other more suitable insurance or other products were available which would have better served the interests of Plaintiffs and the Class and at less or comparable cost; and

e) That premiums on Industrial Policies were expense loaded with costs allegedly associated with the debit system, and that, upon cancellation or alteration of the debit system, these expenses were not deducted from the premium. Mutual Savings intentionally kept Plaintiffs and Class Members uninformed of these facts and capitalized on its sole possession of the material facts by providing Plaintiffs and Class Members with misleading policy sales materials and oral representations in the sale and administration of insurance to them.

## V. CLASS ACTION ALLEGATIONS

40. This case is brought as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek certification of this action as a class action on behalf of all African-American persons who have (or had at the time of the Policy's termination), an ownership interest in one or more Industrial Life Insurance Policies issued, serviced, administered or purchased from Mutual Savings, and who were harmed by the conduct alleged herein ("the Class"). This case is properly brought as a class action under Rule 23, for the reasons set forth in the following paragraphs.

41. This action is appropriate as a class action pursuant to Rule 23. Since Plaintiffs seek injunctive relief and corresponding declaratory relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Mutual Savings. Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to

the adjudication and may impair and impede their ability to protect their interests.

42.    Membership in the Class is so numerous that separate joinder of each member is impracticable. The number of Class Members is unknown but can be easily determined from the records of Mutual Savings. Plaintiffs believe that there are thousands of persons in the Class. Although Plaintiffs do not presently know the names of all Class Members, their identities and addresses can be readily ascertained from Mutual Savings' records.

43.    The named Plaintiffs are members of the Class of victims described herein. They were subject to a fraudulent scheme and common course of conduct by Mutual Savings and purchased Industrial Life Insurance from Mutual Savings based upon the deceptive sales and policy administration practices described herein.

44.    There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues. Included within the common questions are:

a)    Whether Mutual Savings discriminated against Class Members by charging them more in premiums for Industrial Life Insurance than similarly situated Caucasian people; whether Mutual Savings discriminated against Class Members by offering only substandard products to African-Americans; whether Mutual Savings discriminated against Class Members by altering the debit system of collection unilaterally;

b)    Whether of Mutual Savings devised and deployed a scheme or artifice to defraud or engaged in a common course of business which acted to defraud or deceive Plaintiffs and Class Members and/or committed an imposition against the Plaintiffs and the

Class by exacting unreasonable premiums for its Industrial Policies through taking advantage of its position of superior knowledge;

c) Whether Mutual Savings routinely engaged in fraudulent and deceptive acts and practices and courses of business in the sale and administration of its Industrial Policies, overreached and otherwise took unfair advantage of its position relative to the Plaintiffs and the Class;

d) Whether Mutual Savings routinely failed to disclose to Plaintiffs and Class Members, material information such as the actual basis on which premiums would be calculated and the likelihood that, during the policyholder's normal life expectancy premium payments would exceed the face value of the policies or a reasonable amount of total premiums;

e) Whether Mutual Savings developed, encouraged and engaged in a scheme designed to sell new Industrial Policies through fraudulent concealment of material facts;

f) Whether Mutual Savings failed to supervise and train its agents who engaged in the schemes described herein and failed to prevent its agents from violating uniformly applicable state insurance laws and regulations;

g) Whether Mutual Savings breached its contracts with the Plaintiffs and the Class by refusing or deliberately failing to credit premium payments to Industrial Policies in an effort to cause such policies to lapse;

h) Whether Mutual Savings failed to adequately supervise, educate and train its agents regarding the terms of its Policies, appropriate methods of sales presentations,

creation of sales materials and information, and compliance with state and federal laws (including state insurance laws and regulations), and whether Mutual Savings' failure to do so constituted a means by which Mutual Savings engaged in the schemes described herein;

i) Whether Mutual Savings negligently hired, retained or promoted agents to sell Industrial Policies to Plaintiffs and Class Members, when such agents engaged in the wrongful practices alleged herein;

j) Whether Mutual Savings engaged in a nationwide fraudulent course of conduct in targeting the sale of Industrial Life Insurance to an economically disadvantaged and unsophisticated segment of the population and marketed and sold such policies in a manner to induce the purchase of the Industrial Policies by Plaintiffs and Class Members, and whether Mutual Savings discriminated against Class Members in establishing premiums for Industrial Policies.

k) Whether Plaintiffs and Class Members are entitled to specific performance, injunctive relief or other equitable relief against Mutual Savings;

l) Whether Plaintiffs and Class Members are entitled to an award of punitive damages against Mutual Savings;

m) Whether Plaintiffs and Class Members have sustained damages and the proper measure of damages; and

n) Whether Mutual Savings terminated or altered the debit system and failed to provide a premium rebate or reduction, even though the Policies were expense loaded for weekly collection.

45. The claims of the Plaintiffs are typical of the claims of the Class, and Plaintiffs have no interest adverse to the interests of other Class.

46. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in prosecution of life insurance class actions and complex litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class Members will continue to suffer damage and Mutual Savings' violations of law will proceed without remedy while Mutual Savings continues to retain the proceeds of its ill-gotten gains.

48. Most individual Class Members have little ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, the size and scope of Mutual Savings' uniform sales scheme, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual Class Members.

49. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

50. This action presents no difficulty that would impede its management by the Court as a class action and a class action is superior to other available methods for the fair and efficient adjudication of their claims.

51. Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Mutual Savings to specifically reform the Policies as represented and to disgorge all premium overcharges in excess

of that rate which is actuarially proper in light of the death benefit provided, as well as for premium overcharges based upon racially discriminatory pricing of Industrial Policy premiums.

**COUNT I**
**(Racial Discrimination - 42 USC §1981)**

52. Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 5 through 51 above as if fully set forth herein.

53. Mutual Savings intentionally discriminated against Plaintiffs and Class Members by charging them higher premiums than those charged to similarly situated Caucasian policyholders and by prohibiting or specifically instructing their agents to not offer or sell participatory whole life or other reasonably priced policies or products to African-Americans.

54. By charging higher premiums to African-Americans and refusing to offer participatory whole life or other reasonably priced policies or products to African-Americans, Mutual Savings violated the rights of Plaintiffs and Class Members to make and enforce contracts on the same terms as Caucasian policyholders.

55. Mutual Savings' actions violate 42 U.S.C. § 1981, as well as the rights of Plaintiffs and the Class under the Fifth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States.

56. Mutual Savings has damaged Plaintiffs and Class Members because Plaintiffs and the Class have suffered economic loss and mental anguish as a result of Mutual Savings' illegal racial discrimination.

**COUNT II**
**(Breach of Fiduciary Duty)**

57. Plaintiffs repeat and reallege the allegations contained in paragraph 5 through 51 above as if fully set forth herein.

58. Mutual Savings is an insurance carrier. The life insurance business involves elements of public trust which subject Mutual Savings to more stringent standards of conduct than those normally arising out of contract.

59. In connection with the sales of Industrial Life Insurance Policies, Mutual Savings agents, with the aid and/or under the direction of Mutual Savings officers, managers and other high-level personnel located at its headquarters and elsewhere, were trained to provide advice and counsel to Mutual Savings policy owners on the subject of what would be in the policy owner's best interest with respect to the acquisition of Industrial Life Insurance coverage.

60. Mutual Savings held itself and its agents out as highly skilled insurance experts, creating the image of insurance expertise, possessing the special knowledge and expertise needed to interpret and understand the mechanics of the Policies. Mutual Savings encouraged Plaintiffs and Class Members to rely on this special knowledge and expertise in purchasing the Policies, and counseled Plaintiff and Class Members concerning the insurance Mutual Savings was selling.

61. Mutual Savings had superior knowledge to that of Plaintiffs and Class Members concerning not only the insurance products available, but also whether Industrial Life Insurance coverage was appropriate and to what extent the policyholder was at risk for paying more in premiums than the face value of the Policies or than an amount which reasonably should have been paid. The relationship between Mutual Savings, by and through its agent, and Plaintiffs and Class

Members, was calculated and intended by Mutual Savings to cause the Plaintiffs and Class Members to repose confidence and trust in Mutual Savings related to insurance.

62.     Mutual Savings, by and through its agents, knew or should have known that Plaintiffs and Class Members placed this confidence and trust in the Company and, by and through its agents, accepted the confidence and trust reposed in the Company by Plaintiffs and Class Members.

63.     Mutual Savings knew or should have known that Plaintiffs and Class Members generally had no prior training, expertise or knowledge concerning insurance coverage and were unsophisticated insurance consumers ill-equipped to understand the unfamiliar and technical language of the Policies.     Plaintiffs and Class Members relied solely upon the advice, recommendations and explanations of the Policies provided by Mutual Savings and its agents.

64.     The Policies purchased by Plaintiffs and Class Members were contracts of adhesion that were prepared by Mutual Savings and were not the subject of negotiation and Plaintiffs and Class Members did not possess equal bargaining power.

65.     Class Members often had prior relationships with Mutual Savings agents, and Mutual Savings and those agents manipulated such relationships to create trust and confidence in Mutual Savings and to use such trust and confidence to sell insurance.

66.     As a result of the circumstances described above, Mutual Savings, by and through its agents, created a fiduciary relationship between themselves and Plaintiffs and Class Members. As a result of this fiduciary relationship, Mutual Savings and its agents were required to do the following:

           a)     Refrain from discrimination against African-Americans in the sale and

administration of life insurance policies;

b) Make full and fair disclosure to Plaintiffs and Class Members regarding the nature of the product being sold and the financial effect of the transaction on the customer;

c) Provide any information necessary to make other representations provided not misleading;

d) Cure any prior misrepresentations;

e) Advise Plaintiffs and Class Members of the commissions that were being earned by the agents as a result of the transaction, the sales load and the administrative charges being earned by Mutual Savings;

f) Act in a way that was beneficial to, and not detrimental to, Plaintiffs and Class Members; and

g) Refrain from making statements or sales presentations which contained misrepresentations.

67. Mutual Savings and its agents, as fiduciaries, owed to Plaintiffs and Class Members a duty to refrain from self-dealing, a duty of loyalty, an overall duty not to take unfair advantage of Plaintiffs and a duty not to conceal from Plaintiffs and Class Members facts which were pertinent and material to the sale of insurance to them. In executing the sales scheme described above, Mutual Savings, by and through its agents, knowingly, recklessly, maliciously and with intent to defraud, took unfair advantage of Plaintiffs and the Class, concealed pertinent and material information from Plaintiffs and Class Members in selling coverage to them.

68. Plaintiffs and Class Members had a right to rely upon Mutual Savings agents to

disclose to them, and not to conceal from them, pertinent and material facts in connection with the sale of insurance to them. Plaintiffs and Class Members did rely on Mutual Savings and its agents which resulted in damages to them, including punitive damages in an amount to be determined at trial.

**COUNT III**
**(Assumpsit or Money Had and Received)**

69. Plaintiffs repeat and reallege the allegations contained in paragraphs 5 through 51 above, as if fully set forth herein.

70. As a result of the conduct of Mutual Savings outlined above, Mutual Savings took advantage of its position relative to the Plaintiffs and the Class and exacted a greater price for its Industrial Policies than was fair and reasonable. At all times in these transactions due to the superior knowledge of Mutual Savings, Plaintiffs and the Class had no meaningful choice or ability to negotiate the terms of the agreement.

71. The exaction by Mutual Savings of the unreasonable premiums outlined above was achieved through imposition, imposture, fraud, deception, cheat, artifice, trickery, trick, coercion, extortion and/or oppression.

72. In equity and good conscience Plaintiffs and the Class ought to have the relief they seek in this action, and Mutual Savings ought not be permitted to retain it.

73. By reason of the foregoing, Plaintiffs and the Class have been damaged and seek return of all premium payments paid in excess of the face value of the policies or in excess of what reasonably should have been paid for the Policies in a specified amount to be determined at the trial in this action.

**COUNT IV**
**(Declaratory and Injunctive Relief)**

74. Plaintiffs repeat and reallege the allegations contained in paragraph 5 through 51 above, as if fully set forth herein.

75. As stated above, Mutual Savings and its agents are permitted by law to establish rates and collect premiums only if those rates and premiums are not excessive and unreasonable and/or racially discriminatory.

76. Plaintiffs, for themselves and on behalf of the Class, are in doubt as to their rights under the policies and seek a declaration of the rights and liabilities of the parties, including a judgment declaring that Mutual Savings must charge premiums for Industrial Life Insurance Policies which are non-discriminatory, are reasonable, and not excessive and unconscionable. Plaintiffs and the Class further seek a declaration that any Policy which requires the payment of premiums which are racially discriminatory or which exceed a rate which is actuarially proper in light of the death benefit provided is unconscionable and illegal.

77. Plaintiffs, for themselves and on behalf of the Class, seek injunctive relief enjoining Mutual Savings from collecting premium payments on any Policy where the premiums charged are discriminatory or which exceed a rate which is actuarially proper in light of the death benefit provided. Plaintiffs also seek disgorgement of all premiums paid on such Policies with interest. Plaintiffs further seek a mandatory injunction requiring Mutual Savings to treat any Policy for which premiums charged exceed the face value of the Policy and/or the amount that reasonably should have been charged based upon sound and proper actuarial principles, as a paid-up policy and to provide

suth other relief as is just and proper including reformation and recessionary relief.

78. Plaintiffs and Class Members have no adequate remedy at law.

79. By reason of the foregoing, Plaintiffs and Class Members are entitled to declaratory and injunctive relief as set forth above.

**COUNT V**
**(Unjust Enrichment and Imposition of a Constructive Trust)**

80. Plaintiffs repeat and reallege the allegations contained in paragraphs 5 through 51 above, as if fully set forth herein.

81. As a result of the relationships between the parties and the facts as stated above, a constructive trust should be established over the monies paid by Plaintiffs and Class Members, as Policy premiums, to the extent the total of those premiums are racially discriminatory and/or exceed the face value of any Policy or the amount which reasonably should have been paid based upon sound and proper actuarial principles in premiums. To the extent premiums have been paid by African-Americans pursuant to Mutual Savings' discriminatory practices, such contracts are illegal as a matter of law. Such monies are traceable to Mutual Savings, which is the current possessor of such funds.

82. Mutual Savings received from Class Members premium payments which are racially discriminatory, excessive and unreasonable and are the result of overcharging and overreaching and racially discriminatory practices.

83. As a result, Plaintiffs and the Class have conferred a benefit on Mutual Savings and Mutual Savings has knowledge of this benefit and has voluntarily accepted and retained the benefit

conferred on it. Mutual Savings will be unjustly enriched if it is allowed to retain such funds, and, therefore, a constructive trust should be imposed on all monies wrongfully obtained by Mutual Savings.

84. Plaintiffs and Class Members have no adequate remedy at law.

85. By reason of the foregoing, Plaintiffs and Class Members have been irreparably harmed and are entitled to imposition of a constructive trust as set forth above.

**COUNT VI**
**(Improper Hiring, Supervision, Retention, and Failure to Monitor Actions of Officers, and Accident Agents and/or Employees)**

86. Plaintiffs repeat, reallege and incorporate herein by reference, paragraphs 5 through 51 above as though fully set forth herein.

87. At the time the acts and omissions complained of were performed, Defendant's agents, actuaries and employees were not competent, qualified or capable of protecting the interests of Defendant's customers in regard to policies.

88. Defendant, Mutual Savings, knew or should have known that its agents, actuaries and employees were not acting in a competent, qualified or capable manner as to their actions toward Plaintiffs and the Class.

89. Defendant, Mutual Savings, has a duty to monitor and/or supervise the activities of its agents and actuaries.

90. Defendant, Mutual Savings, intentionally, knowingly, recklessly and/or negligently failed to monitor the actions of its agents, actuaries and employees; train its agents, actuaries and employees to refrain from racial discrimination, to properly handle the insurance interests of its

customers and properly follow and/or apply its rules, regulations, policies and procedures resulting in damage to Plaintiffs and the Class including, but not limited to, forgery of policy lien documents by agents, racially discriminatory and unreasonable premiums, and the purchase of inappropriate and unsuitable Policies.

91. Defendant, Mutual Savings, knew or should have known of the unfitness of its agents and actuaries but nonetheless employed and continued to employ them.

92. Defendant authorized the wrongful acts and omissions of its agents and actuaries in issuing the Policies and/or collecting or establishing the premiums on same.

93. Defendant ratified the wrongful acts and omissions of its agents and actuaries in issuing the Policies and collecting premiums on same.

94. Defendant was aware of the unfitness of its agents and actuaries.

95. The acts and omissions of Defendant's agents and actuaries in issuing the Policy and establishing and collecting the of premiums on same were calculated to and did benefit Mutual Savings.

96. As a proximate result of Mutual Savings' acts and omissions, Plaintiffs suffered economic loss.

**COUNT VII**
**(Breach of Contract)**

97. Plaintiffs repeat, reallege and incorporate herein by reference, paragraphs 5 through 51 above.

98. As a material part of the insurance agreement between Mutual Savings and Plaintiffs and the Class (either through the express terms of the Policies, applicable statutory provisions or the

course of dealing of the parties) from inception of certain Policies, premium payments were collected by debit agents for Mutual Savings on a weekly basis.

99. Mutual Savings unilaterally dismantled and/or altered the established weekly debit premium collection system which had been the established method of premium collection since inception of the Policies, and thereafter required premium payments to be made directly to Mutual Savings by Plaintiffs and the Class or collected them on a less frequent basis. At the same time, Mutual Savings continued to demand and collect the same premium paid under the original debit system even though it was no longer providing the same debit collection to the policyholder. In this respect Mutual Savings collected premiums for coverage which was not provided.

100. By dismantling or altering the established debit premium collection system and thereby unilaterally altering the method of premium collection, Mutual Savings breached a material contractual term of its agreement with Plaintiffs. As a result of the breach, Plaintiffs and the Class have suffered economic damage in that premium payments have not been correctly credited and Policies have been improperly lapsed and there has been no premium credit after the change in debit service.

**COUNT VIII**
**(Fraudulent Inducement)**

101. Plaintiffs repeat, reallege and incorporate herein by reference, paragraphs 5 through 51 above as though fully set forth herein.

102. As set forth above, Defendant made affirmative misrepresentations to Plaintiffs and concealed material facts from Plaintiffs.

103. At the time the misrepresentations were made, Defendant knew that the

representations were false, or made or caused to be made such representations without knowledge of the truth or falsity of such representations.

104. Defendant made the misrepresentations in order to induce Plaintiffs to rely on the misrepresentations. Plaintiffs reasonably and justifiably relied on the misrepresentations and omissions.

105. As a direct and proximate result of Plaintiffs' reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiffs have suffered mental anguish and monetary and other damages.

**COUNT IX**
**(Negligent Misrepresentation)**

106. Plaintiffs repeat, reallege and incorporate herein by reference, paragraphs 5 through 51 above as though fully set forth herein.

107. As set forth above, Defendant made affirmative misrepresentations to Plaintiffs and concealed material facts from Plaintiffs.

108. At the time the misrepresentations were made, Defendant should have known that the representations were false, or made or caused to be made such representations without knowledge of the truth or falsity of such representations.

109. Defendant made the misrepresentations in order to induce Plaintiffs to rely on the misrepresentations. Plaintiffs reasonably and justifiably relied on the misrepresentations and omissions.

110. As a direct and proximate result of Plaintiffs' reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiffs have suffered mental anguish

and monetary and other damages.

**WHEREFORE**, Plaintiffs demand judgment against Mutual Savings for themselves and Class Members as follows:

a) An order determining that the action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Awarding Plaintiffs and the Class compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

c) Awarding Plaintiffs and the Class their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

d) Granting extraordinary equitable and/or injunctive relief as permitted by law or equity, including attaching, impounding or imposing a constructive trust upon, or otherwise restricting, the proceeds of Mutual Savings' ill-gotten funds to ensure Plaintiffs and Class Members have an effective remedy;

e) Granting the declaratory and injunctive relief contained in paragraph 76 and 77 of Count IV, the Declaratory Judgment count; and

f) Granting such other and further relief as the Court deems just and proper including, but not limited to, recessionary relief and reformation.

**JURY DEMAND**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

**JAMES, HOYER, NEWCOMER, FORIZS & SMILJANICH, P.A.**

By: ____________________
W. CHRISTIAN HOYER, ESQUIRE
CHRISTA L. COLLINS, ESQUIRE
One Urban Centre
4830 W. Kennedy Blvd
Suite 147
Tampa, Florida 33609
(813) 286-4174

**WATSON JIMMERSON, P.C.**

By: ____________________
JOE WHATLEY, ESQUIRE
Whatley Drake, LLC
1100 Financial Center
505 N. 20th Street
Birmingham, AL 35203
Office (205) 328-9576
Fax (205) 328-9669

BUCK WATSON, ESQUIRE
REBEKAH KEITH, ESQUIRE
200 Clinton Avenue West, Suite 800
PO Box 46
Huntsville, AL 35804
Office (256) 536-7423
Fax (256) 536-2689

JOHN J. STOIA, JR., ESQUIRE
Milberg, Weiss, Bershad, Hynes & Lerach, LLP
600 W. Broadway
1800 One America Plaza
San Diego, CA 92101
Office (619) 231-1058
Fax (619) 231-7423

ANDREW S. FRIEDMAN, ESQUIRE
Bonnett, Fairbourn, Friedman &
   Balint
4041 N. Central Avenue, Suite 1100
Phoenix, AZ 85012
Office: (602) 274-1100
Fax: (602) 274-1199


RON PARRY, ESQUIRE
Arnzen, Parry & Wentz, P.S.C.
128 East Second Street
P.O. Box 472
Covington, KY 41012-0472
Office (606) 431-6100
Fax (606) 431-2211

N:\MUTSAVBU\PLEADING\COMPL2.DFT

PRESIDENT'S SPECIAL
BONUS PLAN

INSURANCE PAYABLE AT DEATH

REDUCED BENEFITS BEFORE AGE 4 NEXT BIRTHDAY

PREMIUMS PAYABLE WEEKLY FOR LIFE OF INSURED

Southern United Life Insurance Company

HOME OFFICE—MONTGOMERY, ALABAMA

ALWAYS GIVE NUMBER OF POLICY IN WRITING TO THE HOME OFFICE

BENEFITS FOR LOSS OF HAND, FOOT OR SIGHT

DOUBLE BENEFITS ON ACCIDENTAL DEATH AS SPECIFIED HEREIN

BENEFITS FOR ACCIDENTAL DEATH OF BENEFICIARY

SPECIAL BONUS COUPONS

NON-PARTICIPATING INDUSTRIAL POLICY

RECEIVED MAY 0 1 1995 Claims Dept.

FORM 48—2-1-62

SCHEDULE

| NAME OF INSURED | BENEFICIARY | DIST. | DEBIT |
|---|---|---|---|
| CARNEGIE GLENDA | CARNEGIE HILDA | GA | 421 ~~204~~ |

| POLICY NUMBER | MO. | DAY | YR. | AGE* | WEEKLY (CENTS) PREMIUM | $ AMOUNT OF INSURANCE** | CODE |
|---|---|---|---|---|---|---|---|
| 1759741 | 02 | 03 | 75 | 21 | 110 | 1000 | 48 |

DATE OF ISSUE

* INSURED'S AGE NEXT BIRTHDAY

**RETAIL VALUE (ADULTS) IF POLICY PROVIDES MERCHANDISE OR SERVICE BENEFITS; AMOUNT OF INSURANCE IF POLICY PROVIDES A CASH BENEFIT; OR DAILY HOSPITAL INDEMNITY IF POLICY INDEMNIFIES FOR HOSPITALIZATION LOSS.

IND-22

CODE 48

*The Amount of Insurance in effect before the Insured attains age 2 next birthday is one-fourth of the amount shown above. Age 2 to age 3 next birthday one-half of the amount shown above. Age 3 to age 4 next birthday three-fourths of amount shown and the full amount shown above when insured reaches age 4 next birthday.

## ENDORSEMENTS

5th year coupon due on policy was paid March 17, 1980 in the amount of $100.00.

George R. McCurdy, III
Vice-President

10th year coupon due on policy was paid February 22, 1985 in the amount of $100

15th Year coupon due on policy was paid 2-9-90 in the amount of $100.00.

George R. McCurdy, III
Vice-President

President

20 Year coupon due on policy was paid 5-2-95 in the amount of $100.00.

President



Insurance Company

HOME OFFICE • MONTGOMERY, ALABAMA

# PRESIDENT'S SPECIAL BONUS PLAN

**PROMISES TO PAY** the amount of insurance specified in the Policy Schedule, subject to the terms and conditions of the policy, to the person then appearing as beneficiary upon receipt of due proof of the death of the Insured. This insurance is granted in consideration of the premium stated in the Policy Schedule, payable on or before the issue date of this policy, and of a like premium to be paid weekly thereafter until the death of the Insured.

The Company will also grant the additional benefits set forth in the provisions on the fourth page of this policy, without specific extra premium being charged therefor, subject to the terms and conditions of the policy including the terms and conditions of those provisions.

**SPECIAL BONUS**—Should the Insured be living and all premiums on this Policy be paid at the end of the periods provided in the endowment coupons affixed below, the Company will pay to the Insured the amount of pure endowment provided in these coupons, subject to the terms thereof.

The payment of these coupons are in addition to all other benefits and values shown in the policy.

**PREMIUM PAYING AND GRACE PERIOD**—The premiums stated in the Policy Schedule shall be paid to the Company or its authorized agent, and should such premiums remain unpaid for a grace period of four weeks, this policy shall thereupon immediately become void, except as provided in the policy. If the Insured's death or loss of hand, foot, or sight occur within the grace period, all premiums due and unpaid shall be deducted from the amount payable under the policy. If for any reason the premium is not collected by the agent, it shall be required of the policyholder to pay the same at the Company's office before such premium shall be in arrears four weeks.

The contents of this page and the succeeding pages of this policy and the benefits, conditions, and values set forth thereon constitute the entire contract between the parties hereto.

**IN WITNESS WHEREOF,** THE SOUTHERN UNITED LIFE INSURANCE COMPANY has by its President and Secretary executed and attested this Policy at Montgomery, Alabama, on the date appearing in schedule on page four.

SECRETARY PRESIDENT

INSURANCE PAYABLE AT DEATH — REDUCED BENEFITS BEFORE AGE 4 NEXT BIRTHDAY — PREMIUMS PAYABLE WEEKLY FOR LIFE OF INSURED — BENEFITS FOR LOSS OF HAND, FOOT OR SIGHT — DOUBLE BENEFIT ON ACCIDENTAL DEATH AS SPECIFIED HEREIN — BENEFITS FOR ACCIDENTAL DEATH OF BENEFICIARY — SPECIAL BONUS COUPONS — NON-PARTICIPATING INDUSTRIAL POLICY

**These coupons are not valid if detached from the Policy. The Insured, beneficiary, assignee, or any future holder of this policy contract agrees that the endorsement by the Company upon any or all coupons herein, showing the payment thereof, shall discharge the Company from any liability therefor. The amount shown in each coupon is based on $1,000 of insurance. Should the amount of insurance in the policy schedule be other than $1,000 the value of the coupons will be increased or decreased proportionately.**

Five years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Fifth policy year has been completed.

Ten years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Tenth policy year has been completed.

Fifteen years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Fifteenth policy year has been completed.

Twenty years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Twentieth policy year has been completed.

Twenty-five years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Twenty-fifth policy year has been completed.

Thirty years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Thirtieth policy year has been completed.

Thirty-five years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Thirty-fifth policy year has been completed.

Forty years after date of this Policy the Southern United Life Insurance Company will pay One Hundred Dollars ($100.00) for each One Thousand Dollars ($1,000.00) of insurance to the Insured upon surrender to the Company of this Policy for endorsement, provided the Insured be then living and the Policy to which this Coupon is attached is then in full force and effect and the full premium for the Fortieth policy year has been completed.

FORM 46—2-1-62

**BASIS OF NON-FORFEITURE VALUES**—In event of a default in a premium payment [illegible] or as a cash surrender value if at [illegible] five years' premiums have been paid, shall be equal to [illegible] value computed in accordance with the Standard Non-Forfeiture Value method.

All computations involving non-forfeiture benefits shall be calculated on 130% of the 1941 Standard Industrial Mortality Table, with interest at 3½% per annum, and upon the assumption that deaths during any policy year occur at the end of that year, except for the first policy year at age one, where deaths are assumed to occur at the beginning of the year. In computing any non-forfeiture value under this policy, the Accidental Death Benefit and Benefits for Loss of Hand, Foot or Sight shall be disregarded. The non-forfeiture values available under this policy are not less than the minimum values required by any insurance law to which this policy may be subject.

The values in the following tables are computed on the assumption that the policy has been in force and all premiums have been paid for the number of years stated and that there is no indebtedness on the policy. Values for years later than those shown shall be computed by the method above described, and will be furnished upon request. Any non-forfeiture value, available in event of default in a premium payment due at any time other than on the policy anniversary, shall be calculated with allowance for the lapse of time and the payment of fractional premiums beyond the last preceding policy anniversary.

**GUARANTEED VALUES BASED ON $1,000 DEATH BENEFIT** (If the Death Benefit is different from $1,000, the values in the table will be increased or decreased proportionately, but the terms of extended insurance shall be the same for any amount of Death Benefit.)

**TABLE OF EXTENDED TERM INSURANCE**

| Age Next Birthday at Issue | 2 Years Yr. Dy. | 3 Years Yr. Dy. | 4 Years Yr. Dy. | 5 Years Yr. Dy. | 6 Years Yr. Dy. | 7 Years Yr. Dy. | 8 Years Yr. Dy. | 9 Years Yr. Dy. | 10 Years Yr. Dy. | 11 Years Yr. Dy. | 12 Years Yr. Dy. | 13 Years Yr. Dy. | 14 Years Yr. Dy. | 15 Years Yr. Dy. | 16 Years Yr. Dy. | 17 Years Yr. Dy. | 18 Years Yr. Dy. | 19 Years Yr. Dy. | 20 Years Yr. Dy. | Age Next Birthday at Issue |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 0 | 0 0 | 0 0 | 0 0 | 0 298 | 2 305 | 4 306 | 6 78 | 7 34 | 7 276 | 8 121 | 8 318 | 9 154 | 9 345 | 10 317 | 11 79 | 11 313 | 12 184 | 13 35 | 1 |
| 2 | 0 0 | 0 0 | 0 0 | 0 164 | 2 144 | 4 167 | 5 330 | 6 311 | 7 198 | 8 46 | 8 246 | 9 83 | 9 293 | 10 140 | 11 9 | 11 245 | 12 117 | 12 352 | 13 215 | 2 |
| 3 | 0 0 | 0 0 | 0 0 | 1 73 | 3 131 | 5 24 | 6 61 | 6 344 | 7 205 | 8 46 | 8 256 | 9 90 | 9 318 | 10 164 | 11 55 | 11 296 | 12 171 | 13 39 | 13 260 | 3 |
| 4 | 0 0 | 0 0 | 0 0 | 2 13 | 4 9 | 5 126 | 6 88 | 6 336 | 7 188 | 8 31 | 8 145 | 9 103 | 9 334 | 10 209 | 11 87 | 11 331 | 12 206 | 13 65 | 13 299 | 4 |
| 5 | 0 0 | 0 0 | 0 277 | 2 334 | 4 179 | 5 194 | 6 106 | 6 335 | 7 185 | 8 36 | 8 361 | 9 130 | 10 5 | 10 252 | 11 134 | 12 33 | 12 248 | 13 105 | 13 301 | 5 |
| 6 | 0 0 | 0 0 | 1 134 | 3 111 | 4 216 | 5 174 | 6 61 | 6 285 | 7 141 | 8 1 | 8 239 | 9 117 | 10 1 | 10 253 | 11 138 | 12 14 | 12 244 | 13 89 | 13 275 | 6 |
| 7 | 0 0 | 0 0 | 1 290 | 3 159 | 4 189 | 5 132 | 5 354 | 6 217 | 7 81 | 7 319 | 8 206 | 9 65 | 9 344 | 10 234 | 11 122 | 11 357 | 12 214 | 13 47 | 13 223 | 7 |
| 8 | 0 0 | 0 0 | 2 2 | 3 141 | 4 122 | 5 27 | 5 266 | 6 136 | 7 11 | 7 261 | 8 151 | 9 43 | 9 305 | 10 197 | 11 88 | 11 334 | 12 162 | 12 350 | 13 152 | 8 |
| 9 | 0 0 | 0 72 | 2 18 | 3 81 | 4 31 | 4 291 | 5 178 | 6 48 | 6 308 | 7 194 | 8 92 | 8 353 | 9 254 | 10 146 | 11 25 | 11 252 | 12 92 | 12 272 | 13 66 | 9 |
| 10 | 0 0 | 0 119 | 1 337 | 2 361 | 3 290 | 4 184 | 5 69 | 5 323 | 6 220 | 7 121 | 8 26 | 8 293 | 9 192 | 10 83 | 10 325 | 11 178 | 12 9 | 12 181 | 12 355 | 10 |
| 11 | 0 0 | 0 128 | 1 271 | 2 260 | 3 100 | 4 76 | 4 334 | 5 234 | 6 138 | 7 45 | 7 318 | 8 225 | 9 124 | 10 12 | 10 248 | 11 94 | 11 282 | 12 43 | 12 229 | 11 |
| 12 | 0 0 | 0 109 | 1 192 | 2 157 | 3 72 | 3 358 | 4 240 | 5 147 | 6 57 | 6 355 | 7 248 | 8 155 | 9 54 | 9 304 | 10 168 | 11 6 | 11 186 | 11 346 | 12 122 | 12 |
| 13 | 0 0 | 0 75 | 1 111 | 2 59 | 2 337 | 3 245 | 4 154 | 5 67 | 5 349 | 6 266 | 7 181 | 8 90 | 8 352 | 9 231 | 10 86 | 10 282 | 11 91 | 11 245 | 12 15 | 13 |
| 14 | 0 0 | 0 35 | 1 34 | 1 335 | 2 251 | 3 164 | 4 88 | 4 364 | 5 286 | 6 207 | 7 123 | 8 31 | 8 290 | 9 162 | 10 8 | 10 197 | 10 364 | 11 147 | 11 277 | 14 |
| 15 | 0 0 | 0 0 | 0 332 | 1 262 | 2 180 | 3 99 | 4 21 | 4 311 | 5 237 | 6 160 | 7 77 | 7 348 | 8 236 | 9 102 | 9 302 | 10 118 | 10 279 | 11 56 | 11 181 | 15 |
| 16 | 0 0 | 0 0 | 0 279 | 1 206 | 2 128 | 3 53 | 3 348 | 4 276 | 5 284 | 6 129 | 7 45 | 7 312 | 8 191 | 9 45 | 9 239 | 10 47 | 10 202 | 10 338 | 11 92 | 16 |
| 17 | 0 0 | 0 0 | 0 242 | 1 169 | 2 97 | 3 27 | 3 325 | 4 258 | 5 189 | 6 114 | 7 21 | 7 286 | 8 155 | 8 364 | 9 185 | 9 351 | 10 134 | 10 264 | 11 17 | 17 |
| 18 | 0 0 | 0 0 | 0 222 | 1 152 | 2 85 | 3 28 | 3 322 | 4 258 | 5 198 | 6 113 | 7 21 | 7 278 | 8 128 | 8 327 | 9 140 | 9 296 | 10 74 | 10 198 | 10 306 | 18 |
| 19 | 0 0 | 0 0 | 0 217 | 1 152 | 2 90 | 3 30 | 3 333 | 4 273 | 5 205 | 6 124 | 7 22 | 7 259 | 8 106 | 8 296 | 9 101 | 9 252 | 10 38 | 10 134 | 10 241 | 19 |
| 20 | 0 0 | 0 0 | 0 225 | 1 166 | 2 108 | 3 52 | 3 360 | 4 299 | 5 228 | 6 139 | 7 26 | 7 251 | 8 88 | 8 269 | 9 65 | 9 209 | 9 356 | 10 82 | 10 166 | 20 |
| 21 | 0 0 | 0 0 | 0 243 | 1 189 | 2 136 | 3 84 | 4 78 | 4 331 | 5 254 | 6 155 | 7 29 | 7 243 | 8 70 | 8 242 | 9 31 | 9 164 | 9 288 | 10 28 | 10 122 | 21 |
| 22 | 0 0 | 0 0 | 0 267 | 1 218 | 2 170 | 3 128 | 4 65 | 4 363 | 5 278 | 6 166 | 7 28 | 7 232 | 8 50 | 8 215 | 8 364 | 9 126 | 9 240 | 9 340 | 10 63 | 22 |
| 23 | 0 0 | 0 0 | 0 295 | 1 250 | 2 206 | 3 157 | 4 100 | 5 27 | 5 295 | 6 171 | 7 22 | 7 217 | 8 27 | 8 184 | 8 323 | 9 81 | 9 190 | 9 285 | 10 3 | 23 |
| 24 | 0 0 | 0 0 | 0 324 | 1 284 | 2 241 | 3 193 | 4 132 | 5 49 | 5 305 | 6 169 | 7 10 | 7 197 | 7 364 | 8 149 | 8 282 | 9 34 | 9 138 | 9 229 | 9 308 | 24 |
| 25 | 0 0 | 0 23 | 0 353 | 1 316 | 2 276 | 3 225 | 4 157 | 5 62 | 5 306 | 6 161 | 6 358 | 7 173 | 7 332 | 8 110 | 8 237 | 8 348 | 9 82 | 9 169 | 9 246 | 25 |
| 26 | 0 0 | 0 34 | 1 17 | 1 348 | 2 307 | 3 252 | 4 174 | 5 67 | 5 300 | 6 146 | 6 336 | 7 143 | 7 296 | 8 67 | 8 188 | 8 293 | 9 24 | 9 108 | 9 181 | 26 |
| 27 | 0 0 | 0 74 | 1 46 | 2 13 | 2 335 | 3 272 | 4 182 | 5 65 | 5 289 | 6 127 | 6 310 | 7 109 | 7 256 | 8 18 | 8 137 | 8 239 | 8 329 | 9 44 | 9 113 | 27 |
| 28 | 0 0 | 0 98 | 1 73 | 2 40 | 2 357 | 3 284 | 4 182 | 5 55 | 5 271 | 6 102 | 6 278 | 7 71 | 7 211 | 7 336 | 8 83 | 8 181 | 8 268 | 8 344 | 9 46 | 28 |
| 29 | 0 0 | 0 122 | 1 99 | 2 63 | 3 7 | 3 287 | 4 176 | 5 41 | 5 249 | 6 73 | 6 242 | 7 28 | 7 163 | 7 283 | 8 26 | 8 120 | 8 204 | 8 278 | 8 340 | 29 |
| 30 | 0 0 | 0 145 | 1 121 | 2 88 | 3 14 | 3 284 | 4 164 | 5 21 | 5 223 | 6 39 | 6 202 | 6 347 | 7 112 | 7 228 | 7 330 | 8 57 | 8 139 | 8 210 | 8 269 | 30 |
| 31 | 0 0 | 0 166 | 1 140 | 2 91 | 3 14 | 3 275 | 4 147 | 4 362 | 5 192 | 6 1 | 6 159 | 6 298 | 7 50 | 7 170 | 7 278 | 7 358 | 8 92 | 8 139 | 8 194 | 31 |
| 32 | 0 0 | 0 184 | 1 151 | 2 95 | 3 8 | 3 261 | 4 126 | 4 334 | 5 157 | 5 325 | 6 111 | 6 247 | 7 2 | 7 111 | 7 208 | 7 294 | 8 5 | 8 66 | 8 116 | 32 |
| 33 | 0 0 | 0 199 | 1 161 | 2 95 | 2 347 | 3 243 | 4 101 | 4 302 | 5 119 | 5 285 | 6 62 | 6 193 | 6 310 | 7 50 | 7 145 | 7 228 | 7 297 | 7 354 | 8 34 | 33 |
| 34 | 0 0 | 0 210 | 1 162 | 2 85 | 2 347 | 3 221 | 4 72 | 4 267 | 5 77 | 5 234 | 6 9 | 6 137 | 6 252 | 6 353 | 7 80 | 7 159 | 7 225 | 7 277 | 7 316 | 34 |
| 35 | 0 0 | 0 217 | 1 160 | 2 74 | 2 329 | 3 196 | 4 40 | 4 228 | 5 32 | 5 185 | 5 322 | 6 81 | 6 193 | 6 292 | 7 13 | 7 88 | 7 150 | 7 197 | 7 232 | 35 |
| 36 | 0 0 | 0 219 | 1 155 | 2 60 | 2 308 | 3 169 | 4 5 | 4 188 | 4 351 | 5 115 | 5 268 | 6 24 | 6 133 | 6 229 | 6 312 | 7 16 | 7 72 | 7 115 | 7 145 | 36 |
| 37 | 0 0 | 0 219 | 1 145 | 2 46 | 2 285 | 3 138 | 3 334 | 4 146 | 4 305 | 5 64 | 5 215 | 5 332 | 6 75 | 6 165 | 6 244 | 6 307 | 6 357 | 7 29 | 7 56 | 37 |
| 38 | 0 0 | 0 217 | 1 135 | 2 27 | 2 261 | 3 107 | 3 297 | 4 104 | 4 259 | 5 13 | 5 163 | 5 277 | 6 17 | 6 101 | 6 174 | 6 233 | 6 278 | 6 310 | 6 333 | 38 |
| 39 | 0 0 | 0 215 | 1 125 | 2 10 | 2 237 | 3 76 | 3 261 | 4 62 | 4 214 | 4 351 | 5 111 | 5 222 | 5 318 | 6 35 | 6 103 | 6 157 | 6 197 | 6 227 | 6 247 | 39 |
| 40 | 0 0 | 0 212 | 1 115 | 1 357 | 2 212 | 3 45 | 3 225 | 4 22 | 4 171 | 4 304 | 5 60 | 5 167 | 5 258 | 5 334 | 6 31 | 6 80 | 6 117 | 6 144 | 6 162 | 40 |
| 41 | 0 0 | 0 210 | 1 105 | 1 340 | 2 188 | 3 15 | 3 190 | 3 348 | 4 128 | 4 259 | 5 6 | 5 111 | 5 197 | 5 268 | 5 324 | 6 1 | 6 33 | 6 60 | 6 77 | 41 |
| 42 | 0 0 | 0 207 | 1 94 | 1 322 | 2 164 | 2 350 | 3 156 | 3 311 | 4 87 | 4 213 | 4 324 | 5 55 | 5 135 | 5 200 | 5 252 | 5 292 | 5 321 | 5 343 | 5 359 | 42 |
| 43 | 0 0 | 0 211 | 1 90 | 1 311 | 2 146 | 2 327 | 3 129 | 3 279 | 4 50 | 4 172 | 4 277 | 5 6 | 5 75 | 5 135 | 5 183 | 5 220 | 5 248 | 5 269 | 5 284 | 43 |
| 44 | 0 0 | 0 218 | 1 89 | 1 302 | 2 132 | 2 308 | 3 105 | 3 252 | 4 17 | 4 133 | 4 232 | 4 314 | 5 16 | 5 71 | 5 116 | 5 150 | 5 177 | 5 198 | 5 212 | 44 |
| 45 | 0 0 | 0 224 | 1 87 | 1 294 | 2 118 | 2 290 | 3 82 | 3 225 | 3 347 | 4 92 | 4 184 | 4 260 | 4 322 | 5 6 | 5 48 | 5 81 | 5 107 | 5 127 | 5 141 | 45 |
| 46 | 0 0 | 0 229 | 1 85 | 1 286 | 2 104 | 2 272 | 3 58 | 3 194 | 3 312 | 4 49 | 4 135 | 4 206 | 4 263 | 4 310 | 4 347 | 5 12 | 5 38 | 5 57 | 5 71 | 46 |
| 47 | 0 0 | 0 233 | 1 82 | 1 277 | 2 91 | 2 254 | 3 34 | 3 164 | 3 276 | 4 4 | 4 84 | 4 151 | 4 205 | 4 249 | 4 285 | 4 314 | 4 336 | 4 354 | 5 1 | 47 |
| 48 | 0 0 | 0 237 | 1 80 | 1 270 | 2 78 | 2 236 | 3 9 | 3 133 | 3 237 | 3 324 | 4 33 | 4 95 | 4 147 | 4 188 | 4 224 | 4 252 | 4 275 | 4 292 | 4 304 | 48 |
| 49 | 0 19 | 0 241 | 1 78 | 1 263 | 2 65 | 2 217 | 2 349 | 3 99 | 3 197 | 3 279 | 3 346 | 4 40 | 4 89 | 4 130 | 4 164 | 4 192 | 4 214 | 4 231 | 4 243 | 49 |
| 50 | 0 39 | 0 244 | 1 76 | 1 256 | 2 51 | 2 197 | 2 321 | 3 64 | 3 156 | 3 231 | 3 287 | 3 346 | 4 31 | 4 72 | 4 103 | 4 133 | 4 153 | 4 171 | 4 184 | 50 |
| 51 | 0 39 | 0 248 | 1 74 | 1 248 | 2 36 | 2 175 | 2 292 | 3 27 | 3 114 | 3 187 | 3 248 | 3 300 | 3 342 | 4 14 | 4 47 | 4 73 | 4 94 | 4 112 | 4 125 | 51 |
| 52 | 0 48 | 0 252 | 1 72 | 1 240 | 2 21 | 2 151 | 2 261 | 2 354 | 3 71 | 3 141 | 3 200 | 3 249 | 3 291 | 3 326 | 3 355 | 4 14 | 4 38 | 4 55 | 4 68 | 52 |
| 53 | 0 57 | 0 255 | 1 69 | 1 229 | 2 5 | 2 125 | 2 229 | 2 317 | 3 27 | 3 94 | 3 151 | 3 198 | 3 241 | 3 275 | 3 305 | 3 326 | 3 346 | 4 2 | 4 12 | 53 |
| 54 | 0 64 | 0 258 | 1 64 | 1 217 | 1 347 | 2 97 | 2 195 | 2 279 | 2 350 | 3 48 | 3 104 | 3 151 | 3 191 | 3 224 | 3 253 | 3 276 | 3 297 | 3 314 | 3 327 | 54 |
| 55 | 0 73 | 0 256 | 1 57 | 1 201 | 1 325 | 2 67 | 2 161 | 2 241 | 2 309 | 3 2 | 3 56 | 3 102 | 3 141 | 3 174 | 3 203 | 3 226 | 3 249 | 3 266 | 3 279 | 55 |
| 56 | 0 80 | 0 257 | 1 47 | 1 184 | 1 300 | 2 36 | 2 125 | 2 202 | 2 268 | 2 324 | 3 8 | 3 55 | 3 92 | 3 125 | 3 155 | 3 180 | 3 202 | 3 219 | 3 234 | 56 |
| 57 | 0 84 | 0 253 | 1 35 | 1 164 | 1 274 | 2 3 | 2 89 | 2 164 | 2 228 | 2 282 | 2 339 | 3 5 | 3 43 | 3 77 | 3 107 | 3 133 | 3 155 | 3 170 | 3 179 | 57 |
| 58 | 0 87 | 0 247 | 1 20 | 1 143 | 1 248 | 1 337 | 2 55 | 2 125 | 2 188 | 2 241 | 2 287 | 2 327 | 2 361 | 3 31 | 3 61 | 3 87 | 3 107 | 3 121 | 3 126 | 58 |
| 59 | 0 87 | 0 239 | 1 4 | 1 120 | 1 221 | 1 307 | 2 18 | 2 88 | 2 148 | 2 201 | 2 247 | 2 286 | 2 322 | 2 352 | 3 16 | 3 41 | 3 59 | 3 69 | 3 78 | 59 |
| 60 | 0 86 | 0 230 | 0 352 | 1 98 | 1 194 | 1 277 | 1 349 | 2 51 | 2 110 | 2 162 | 2 206 | 2 246 | 2 284 | 2 315 | 2 340 | 2 360 | 3 8 | 3 14 | 3 11 | 60 |

**TABLE OF CASH SURRENDER VALUES**

| Age | 5 Years | 6 Years | 7 Years | 8 Years | 9 Years | 10 Years | 11 Years | 12 Years | 13 Years | 14 Years | 15 Years | 16 Years | 17 Years | 18 Years | 19 Years | 20 Years | Age |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | $ .68 | $ 6.42 | $ 12.62 | $ 19.18 | $ 26.08 | $ 33.25 | $ 40.63 | $ 48.18 | $ 55.85 | $ 63.58 | $ 71.43 | $ 79.39 | $ 87.45 | $ 95.63 | 1 |
| 2 | | | 3.15 | 9.37 | 15.95 | 22.88 | 30.07 | 37.48 | 45.04 | 52.73 | 60.50 | 68.38 | 76.36 | 84.45 | 92.66 | 101.00 | 2 |
| 3 | | 1.85 | 8.08 | 14.67 | 21.60 | 28.80 | 36.22 | 43.80 | 51.49 | 59.27 | 67.16 | 75.16 | 83.26 | 91.47 | 99.83 | 108.37 | 3 |
| 4 | | 5.43 | 12.84 | 18.99 | 26.21 | 33.65 | 41.24 | 48.94 | 56.76 | 64.67 | 72.60 | 80.81 | 89.05 | 97.42 | 105.99 | 114.74 | 4 |
| 5 | 1.53 | 8.16 | 15.14 | 22.38 | 29.85 | 37.48 | 45.22 | 53.06 | 61.00 | 69.05 | 77.20 | 85.47 | 93.88 | 102.48 | 111.27 | 120.28 | 5 |
| 6 | 3.62 | 10.62 | 17.90 | 25.41 | 33.07 | 40.85 | 48.72 | 56.70 | 64.78 | 72.97 | 81.28 | 89.73 | 98.36 | 107.20 | 116.25 | 125.54 | 6 |
| 7 | 5.54 | 12.86 | 20.40 | 28.10 | 35.92 | 43.85 | 51.85 | 59.98 | 68.21 | 76.56 | 85.05 | 93.75 | 102.61 | 111.71 | 121.09 | 130.66 | 7 |
| 8 | 7.34 | 14.95 | 22.67 | 30.53 | 38.49 | 46.59 | 54.72 | 63.00 | 71.40 | 79.94 | 88.67 | 97.59 | 106.74 | 116.14 | 125.88 | 135.75 | 8 |
| 9 | 8.99 | 16.78 | 24.69 | 32.70 | 40.81 | 49.05 | 57.36 | 65.88 | 74.39 | 83.18 | 92.16 | 101.36 | 110.81 | 120.54 | 130.55 | 140.85 | 9 |
| 10 | 10.43 | 18.30 | 26.45 | 34.61 | 42.88 | 51.27 | 59.77 | 68.42 | 77.25 | 86.29 | 95.56 | 105.07 | 114.86 | 124.93 | 135.30 | 145.97 | 10 |
| 11 | 11.64 | 19.75 | 27.97 | 36.30 | 44.74 | 53.30 | 62.00 | 70.90 | 80.01 | 89.33 | 98.91 | 108.76 | 118.91 | 129.35 | 140.10 | 151.14 | 11 |
| 12 | 12.61 | 20.88 | 29.27 | 37.78 | 46.40 | 55.17 | 64.13 | 73.30 | 82.70 | 92.34 | 102.27 | 112.49 | 123.01 | 133.83 | 144.95 | 156.30 | 12 |
| 13 | 13.41 | 21.87 | 30.44 | 39.12 | 47.96 | 56.99 | 66.23 | 75.70 | 85.42 | 95.42 | 105.72 | 116.32 | 127.22 | 138.45 | 149.94 | 161.74 | 13 |
| 14 | 14.11 | 22.75 | 31.51 | 40.41 | 49.52 | 58.85 | 68.37 | 78.17 | 88.25 | 98.63 | 109.31 | 120.30 | 131.60 | 143.20 | 155.10 | 167.28 | 14 |
| 15 | 14.78 | 23.61 | 32.58 | 41.76 | 51.15 | 60.77 | 70.65 | 80.81 | 91.27 | 102.04 | 113.13 | 124.52 | 136.21 | 148.20 | 160.49 | 173.06 | 15 |
| 16 | 15.45 | 24.50 | 33.76 | 43.25 | 52.92 | 62.80 | 73.13 | 83.60 | 94.35 | 105.72 | 117.20 | 129.00 | 141.09 | 153.47 | 166.19 | 179.11 | 16 |
| 17 | 16.19 | 25.52 | 35.07 | 44.85 | 54.90 | 65.23 | 75.87 | 86.83 | 98.10 | 109.68 | 121.57 | 133.77 | 146.26 | 159.04 | 172.11 | 185.45 | 17 |
| 18 | 17.03 | 26.66 | 36.53 | 46.66 | 57.09 | 67.82 | 78.87 | 90.24 | 101.92 | 113.92 | 126.22 | 138.82 | 151.72 | 164.90 | 178.36 | 192.07 | 18 |
| 19 | 17.99 | 27.94 | 38.17 | 48.69 | 59.51 | 70.66 | 82.15 | 93.92 | 106.02 | 118.44 | 131.15 | 144.16 | 157.46 | 171.04 | 184.88 | 198.96 | 19 |
| 20 | 19.08 | 29.41 | 40.02 | 50.95 | 62.20 | 73.77 | 85.67 | 97.88 | 110.40 | 123.23 | 136.36 | 149.78 | 163.40 | 177.45 | 191.66 | 206.11 | 20 |
| 21 | 20.34 | 31.07 | 42.10 | 53.45 | 65.13 | 77.14 | 89.47 | 102.11 | 115.06 | 128.31 | 141.85 | 155.68 | 169.78 | 184.12 | 198.71 | 213.51 | 21 |
| 22 | 21.78 | 32.93 | 44.39 | 56.18 | 68.30 | 80.73 | 93.51 | 106.58 | 119.96 | 133.64 | 147.68 | 161.83 | 176.31 | 191.05 | 205.98 | 221.13 | 22 |
| 23 | 23.37 | 34.94 | 46.85 | 59.09 | 71.64 | 84.55 | 97.75 | 111.26 | 125.07 | 139.17 | 153.55 | 168.17 | 183.04 | 198.13 | 213.43 | 228.92 | 23 |
| 24 | 25.09 | 37.12 | 49.49 | 62.18 | 75.20 | 88.54 | 102.19 | 116.14 | 130.38 | 144.90 | 159.68 | 174.69 | 189.94 | 205.40 | 221.04 | 236.85 | 24 |
| 25 | 26.94 | 39.44 | 52.27 | 65.42 | 78.90 | 92.69 | 106.79 | 121.19 | 135.86 | 150.79 | 165.97 | 181.38 | 197.00 | 212.18 | 228.78 | 244.88 | 25 |
| 26 | 28.89 | 41.86 | 55.16 | 68.79 | 82.73 | 96.98 | 111.54 | 126.37 | 141.47 | 156.82 | 172.39 | 188.18 | 204.16 | 220.31 | 236.59 | 252.96 | 26 |
| 27 | 30.91 | 44.37 | 58.15 | 72.25 | 86.67 | 101.39 | 116.39 | 131.66 | 147.18 | 162.93 | 178.90 | 195.07 | 211.40 | 227.86 | 244.43 | 261.07 | 27 |
| 28 | 33.00 | 46.94 | 61.21 | 75.80 | 90.69 | 105.88 | 121.32 | 137.03 | 152.97 | 169.13 | 185.49 | 202.02 | 218.68 | 235.44 | 252.28 | 269.21 | 28 |
| 29 | 35.12 | 49.57 | 64.35 | 79.41 | 94.78 | 110.42 | 126.32 | 142.46 | 158.83 | 175.39 | 192.12 | 208.98 | 225.95 | 243.00 | 260.14 | 277.37 | 29 |
| 30 | 37.28 | 52.34 | 67.53 | 83.08 | 98.92 | 115.03 | 131.38 | 147.93 | 164.73 | 181.67 | 198.76 | 215.94 | 233.22 | 250.58 | 268.03 | 285.58 | 30 |
| 31 | 39.48 | 54.96 | 70.74 | 86.79 | 103.11 | 119.68 | 136.48 | 153.48 | 170.66 | 187.97 | 205.39 | 222.89 | 240.48 | 258.17 | 275.96 | 293.86 | 31 |
| 32 | 41.71 | 57.71 | 73.99 | 90.54 | 107.34 | 124.37 | 141.61 | 159.03 | 176.58 | 194.23 | 212.00 | 229.84 | 247.77 | 265.81 | 283.96 | 302.21 | 32 |
| 33 | 43.96 | 60.48 | 77.27 | 94.32 | 111.60 | 129.09 | 146.76 | 164.57 | 182.49 | 200.50 | 218.60 | 236.80 | 255.10 | 273.51 | 292.03 | 310.64 | 33 |
| 34 | 46.23 | 63.28 | 80.59 | 98.13 | 115.88 | 133.82 | 151.90 | 170.10 | 188.38 | 206.75 | 225.23 | 243.81 | 262.50 | 281.29 | 300.19 | 319.15 | 34 |
| 35 | 48.51 | 66.09 | 83.91 | 101.94 | 120.16 | 138.53 | 157.01 | 175.58 | 194.24 | 213.01 | 231.88 | 250.87 | 269.96 | 289.15 | 308.41 | 327.72 | 35 |
| 36 | 50.79 | 68.90 | 87.23 | 105.75 | 124.42 | 143.20 | 162.08 | 181.05 | 200.12 | 219.30 | 238.60 | 258.00 | 277.51 | 297.08 | 316.71 | 336.35 | 36 |
| 37 | 53.07 | 71.71 | 90.54 | 109.55 | 128.63 | 147.83 | 167.12 | 186.51 | 206.02 | 225.63 | 245.38 | 265.22 | 285.13 | 305.09 | 325.06 | 345.03 | 37 |
| 38 | 55.33 | 74.50 | 93.82 | 113.26 | 132.79 | 152.12 | 172.16 | 192.02 | 211.99 | 232.07 | 252.26 | 272.52 | 292.83 | 313.15 | 333.47 | 353.73 | 38 |
| 39 | 57.58 | 77.25 | 97.05 | 116.94 | 136.93 | 157.03 | 177.25 | 197.58 | 218.03 | 238.30 | 259.22 | 279.98 | 300.60 | 321.29 | 341.92 | 362.43 | 39 |
| 40 | 59.78 | 79.95 | 100.22 | 120.59 | 141.07 | 161.67 | 182.39 | 201.22 | 224.17 | 245.19 | 266.26 | 287.35 | 308.43 | 329.46 | 350.36 | 371.07 | 40 |
| 41 | 61.91 | 82.58 | 103.35 | 124.23 | 145.23 | 166.36 | 187.61 | 208.96 | 230.39 | 251.88 | 273.39 | 294.88 | 316.31 | 337.62 | 358.74 | 379.58 | 41 |
| 42 | 63.98 | 85.17 | 106.48 | 127.91 | 149.46 | 171.14 | 192.93 | 214.79 | 236.72 | 258.66 | 280.58 | 302.45 | 324.20 | 345.74 | 367.01 | 387.92 | 42 |
| 43 | 66.01 | 87.76 | 109.64 | 131.65 | 153.78 | 176.02 | 198.35 | 220.73 | 243.13 | 265.52 | 287.84 | 310.04 | 332.04 | 353.75 | 375.10 | 396.04 | 43 |
| 44 | 68.04 | 90.39 | 112.87 | 135.48 | 158.21 | 181.01 | 203.88 | 226.76 | 249.63 | 272.44 | 295.12 | 317.59 | 339.77 | 361.59 | 382.99 | 403.93 | 44 |
| 45 | 70.12 | 93.11 | 116.22 | 139.45 | 162.77 | 186.14 | 209.54 | 232.92 | 256.25 | 279.42 | 302.39 | 325.07 | 347.37 | 369.24 | 390.63 | 411.62 | 45 |
| 46 | 72.31 | 95.96 | 119.72 | 143.57 | 167.48 | 191.41 | 215.33 | 239.18 | 262.90 | 286.39 | 309.59 | 332.41 | 354.78 | 376.68 | 398.13 | 419.17 | 46 |
| 47 | 74.63 | 98.96 | 123.37 | 147.84 | 172.34 | 196.82 | 221.24 | 245.51 | 269.34 | 293.31 | 316.66 | 339.54 | 361.90 | 383.93 | 405.47 | 426.66 | 47 |
| 48 | 77.20 | 102.21 | 127.27 | 152.36 | 177.43 | 202.45 | 227.29 | 251.75 | 276.24 | 300.16 | 323.61 | 346.57 | 369.06 | 391.11 | 412.82 | 434.26 | 48 |
| 49 | 80.80 | 106.46 | 132.15 | 157.82 | 183.42 | 208.87 | 234.00 | 258.99 | 283.47 | 307.49 | 330.99 | 354.01 | 376.60 | 398.82 | 420.77 | 442.58 | 49 |
| 50 | 84.51 | 110.82 | 137.12 | 163.35 | 189.43 | 215.27 | 240.78 | 265.87 | 290.47 | 314.55 | 338.14 | 361.28 | 384.05 | 406.54 | 428.88 | 450.85 | 50 |
| 51 | 88.29 | 115.26 | 142.15 | 168.89 | 195.39 | 221.54 | 247.26 | 272.48 | 297.10 | 321.37 | 345.08 | 368.44 | 392.58 | 414.32 | 436.93 | 459.31 | 51 |
| 52 | 92.12 | 119.71 | 147.15 | 174.34 | 201.18 | 227.58 | 253.46 | 278.88 | 303.68 | 327.96 | 351.92 | 375.58 | 399.00 | 422.20 | 445.17 | 467.83 | 52 |
| 53 | 95.95 | 124.13 | 152.09 | 179.61 | 206.72 | 233.31 | 259.33 | 284.82 | 309.82 | 334.43 | 358.73 | 382.78 | 406.61 | 430.19 | 453.49 | 476.42 | 53 |
| 54 | 99.74 | 128.44 | 156.77 | 184.63 | 211.96 | 238.70 | 264.90 | [illegible] | [illegible] | 340.87 | 365.59 | 390.08 | 414.32 | 438.27 | 461.84 | 484.97 | 54 |
| 55 | 103.41 | 132.53 | 161.22 | 189.32 | 216.84 | 243.79 | 270.23 | [illegible] | [illegible] | 347.37 | 372.56 | 397.50 | 422.14 | 446.39 | 470.30 | 493.44 | 55 |
| 56 | 106.88 | 136.39 | 165.33 | 193.66 | 221.41 | 248.63 | 275.42 | 301.87 | [illegible] | 353.99 | 379.67 | 405.03 | 430.00 | 454.50 | 478.45 | 501.80 | 56 |
| 57 | 110.07 | 139.89 | 169.00 | 197.68 | 225.73 | 253.33 | 280.59 | 307.38 | 334.30 | 360.76 | 386.98 | 412.65 | 437.87 | 462.55 | 486.61 | 510.01 | 57 |
| 58 | 112.93 | 143.04 | 172.52 | 201.45 | 229.92 | 258.04 | 285.87 | 313.43 | 340.72 | 367.68 | 394.22 | 420.25 | 445.78 | 470.52 | 494.65 | 518.08 | 58 |
| 59 | 115.46 | 145.90 | 175.76 | 205.35 | 234.36 | 262.89 | 291.35 | 319.51 | 347.33 | 374.73 | 401.60 | 427.87 | 453.48 | 478.39 | 502.58 | 526.03 | 59 |
| 60 | 117.70 | 148.42 | 178.97 | 208.95 | 238.62 | 268.01 | 297.31 | 323.84 | 354.14 | 381.89 | 409.83 | 435.60 | 461.21 | 486.20 | 510.42 | 533.86 | 60 |
| 61 | 120.01 | 151.39 | 182.37 | 213.04 | 243.42 | 273.49 | 303.39 | 331.44 | 361.15 | 389.17 | 416.52 | 443.11 | 468.94 | 493.98 | 518.22 | 541.59 | 61 |
| 62 | 122.39 | 154.43 | 186.14 | 217.56 | 248.66 | 279.38 | 309.62 | 339.29 | 368.50 | 396.58 | 424.08 | 450.79 | 476.68 | 501.75 | 525.99 | 549.37 | 62 |
| 63 | 125.11 | 157.93 | 190.43 | 222.61 | 254.39 | 285.69 | 316.38 | 346.40 | 375.65 | 404.11 | 431.74 | 458.54 | 484.48 | 509.55 | 533.74 | 557.04 | 63 |
| 64 | 128.34 | 161.99 | 195.36 | 228.20 | 260.39 | 292.36 | 323.43 | 353.72 | 383.17 | 411.78 | 439.51 | 466.36 | 492.32 | 517.36 | 541.48 | 564.65 | 64 |
| 65 | 132.12 | 166.42 | 200.60 | 234.24 | 267.15 | 299.32 | 330.49 | 361.10 | 390.82 | 419.54 | 447.33 | 474.23 | 500.16 | 525.13 | 549.14 | 572.16 | 65 |

GENERAL PROVISIONS

**BENEFICIARY**—The insured, after attaining legal age, may while this policy is in force designate a new beneficiary, reserving the right of revocation, by filing written notice thereof at the Home Office of the Company, accompanied by the policy for endorsement. Such change shall become operative only if the policy has been endorsed by the Company, but after such endorsement has been made, the change shall take effect and the interest of the previous beneficiary shall cease as of the date of such written request whether or not the Insured is living at the time of such endorsement, but without prejudice to the Company on account of any payment made by it prior to such endorsement. The Company, however, may refuse to make such an endorsement if the proposal beneficiary does not appear to the Company to have a substantial insurable interest in the life of the Insured. If at the death of the Insured the person then appearing as beneficiary has predeceased the Insured, or if the beneficiary is a minor or is not legally qualified to give a valid release, the Company may pay the policy proceeds to the estate of the Insured or to a relative by blood or connection by marriage of the Insured appearing to the Company as equitably entitled thereto.

**INCONTESTABILITY**—This policy shall be incontestable after it has been in force, during the lifetime of the Insured, for one year from its issue date, except for nonpayment of premiums.

**WHEN VOIDABLE**—If (1) within two years prior to the issue date of this policy the Insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician; or if (2) prior to such issue date the Insured has been rejected for life insurance by this or any other insurer, if shown by the Company that knowledge of such rejection would have led to a refusal by the Company to issue this policy; then, in any such case, this policy shall, subject to the above incontestable clause, be voidable by the Company, unless it shall be shown by the insured or any claimant that no such rejection, institutional, surgical or medical treatment or attention was for a disease, injury, or physical or mental condition which actually contributed to the Insured's death or disability as defined herein, or unless reference to such institutional, surgical or medical treatment or attention, or such prior rejection, is endorsed on this policy by the Company; provided, however, that this policy shall not be voidable because of the absence of an endorsement referring to any information which was disclosed in a written application for this policy. If this policy does not take effect, or is voided by the Company, the Company will return the premiums paid.

**AUTHORITY**—No person other than the President, a Vice-President, or the Secretary of the Company, is authorized to make or discharge contracts, or to alter, change, modify or waive any of the terms and conditions of this policy or any endorsement hereon or to reinstate, or waive any forfeiture of, this policy at any time.

**LEGAL AGE**—Any of the benefits available under this policy, other than those payable by reason of the Insured's death, shall be payable to the beneficiary during the minority of the Insured or to the Insured after attaining legal age without the consent of the beneficiary, upon compliance with the conditions of this policy.

**MISSTATEMENT OF AGE**—If it shall be found at any time before final settlement on this policy that the age of the Insured is not correctly stated herein, the amount payable under this policy or the nonforfeiture benefits granted shall be such as the premium paid would have purchased at the correct age, and the Premium-Payment Period shall be adjusted accordingly.

**REINSTATEMENT**—If this policy shall lapse for non-payment of premiums, it may be reinstated at any time within two years from the date to which premiums have been paid (unless the cash surrender value shall have been paid, or the extended term expired, if the policy shall have been so carried) upon production of evidence of insurability, satisfactory to the Company and the payment in cash of all arrears in premiums.

**LIMITATIONS**—This policy and the application herefor constitute the entire contract. All statements and answers in the application herefor shall be deemed representations and not warranties. In further consideration of the Company issuing this policy without medical examination, it is understood and agreed that if the Insured shall within one (1) year from the date hereof, die as a result of paralysis, insanity, tuberculosis, or chronic bronchitis, asthma, cerebral hemorrhage, apoplexy, cancer or any disease of the heart, liver, or kidneys, then the liability of the Company will be limited to the amount of the premium paid hereon. Agents (which term includes Managers and Field Superintendents) are not authorized and have no power to make, alter or discharge contracts, waive forfeitures, or receive premiums on policies in arrears beyond the grace period, or to receipt for same.

**NON-PARTICIPATING**—This policy shall not be entitled to share in the earnings or surplus of the Company.

**CONFORMITY WITH STATE LAWS**—Any provision of this policy which is in conflict with any law in effect on the issue date of the policy is understood to be amended to conform thereto.

## ADDITIONAL BENEFITS

**BENEFITS FOR LOSS OF HAND, FOOT OR SIGHT**—Upon receipt during the lifetime of the Insured of due proof that, while this policy is in full force and effect other than as extended term insurance, and after the issue date of the policy but prior to the 70th birthday of the Insured, the Insured has sustained a physical impairment such as specified below, the disability benefit hereinafter provided shall be granted; in the event of the loss by severance of one hand above the wrist or one foot above the ankle, if the insured survives such severance for at least thirty days, an amount equal to one-half the amount of insurance (as specified in the Policy Schedule) at the time of such loss shall be paid in cash; or in the event of the loss by severance of both hands above the wrist or both feet above the ankle, or one hand above the wrist and one foot above the ankle, or the permanent loss of the sight of both eyes, if the insured survives such severance or such loss of sight for at least thirty days, an amount equal to the amount of insurance (as specified in the Policy Schedule) at the time of such loss shall be paid in cash; and in either event no further premiums shall be required after the Company's receipt of such proof, and the policy shall be endorsed as fully paid-up for the amount of insurance as specified in the Policy Schedule. No payment shall be made or benefit allowed under this provision if such impairment is intentionally self-inflicted or if it occurs while the Insured is in the military, naval or air forces of any country at war, declared or undeclared. The total amount payable in cash under this provision on account of disability as herein defined shall in no event exceed an amout equal to the amount of insurance (as specified in the Policy Schedule) under the policy at the time the most recent impairment is sustained.

**ACCIDENTAL DEATH BENEFIT**—Upon receipt of due proof that the death of the Insured occurred while this policy was in full force and effect other than as extended term insurance and prior to the 70th birthday of the Insured and as the result of a bodily injury which was effected or sustained (a) solely through external, violent and accidental means, (b) after the issue date of the policy, (c) on or after the 5th birthday of the Insured, and (d) not more than 90 days prior to the Insured's death, the Company shall pay, in place of the amount of insurance specified in the Policy Schedule, an accidental death benefit equal to twice the amount of said insurance, such accidental death benefit to be reduced by the amount of any disability benefit which has become payable on account of the same bodily injury.

This accidental death benefit shall not be payable if the insured's death results, directly or indirectly (a) from disease or illness of any kind or physical or mental infirmity; (b) from suicide, sane or insane, or any attempt thereat; (c) from inhalation of any gas or fumes, whether voluntarily or involuntarily; (d) from travel or flight in any species of aircraft, except as a fare-paying passenger in a licensed passenger aircraft operated by a properly licensed pilot; (e) from committing or participating in an assault or felony; (f) from service in the military naval or air forces of any country, combination of countries or international organization, whether or not such country, combination of countries or international organization is engaged in war; or (g) from an act or state of insurrection or war, declared or undeclared.

**BENEFIT FOR DEATH OF BENEFICIARY BY ACCIDENTAL MEANS**—Immediately upon receipt of due proof of death of the beneficiary named herein, resulting from accidental means as defined in Section "ACCIDENTAL DEATH BENEFIT" hereof, and subject to the terms and conditions of said Section not inconsistent herewith, provided, such death shall occur during the continuance of this Policy on a premium-paying basis, after the 5th birthday and prior to the 70th birthday of the Beneficiary, the Company will pay to the Insured a sum equal to the Amount of Insurance indicated in the Policy Schedule hereof, provided, however, the benefit for DEATH OF BENEFICIARY BY ACCIDENTAL MEANS in this and all other policies issued by the Company shall in no event exceed $1,000. In event more than one Beneficiary is named in this Policy, the amount of Beneficiary Insurance shall be prorated among each such Beneficiary.

**NON-FORFEITURE BENEFITS—Extended Term Insurance**—In the event any premium remains unpaid throughout the grace period, this policy will automatically continue as extended insurance for the term, if any, provided in the table of Extended Term Insurance Periods, such term to run from the date the first such unpaid premium was due. (See Table I). The amount of insurance payable if death occurs within said term will be the same amount as that which would have become payable for a natural death if this policy has been continued in force on a premium-paying basis.

**Cash Surrender Values**—After this policy has been in force on a premium-paying basis for five full years or more, the insured (or beneficiary prior to the insured having attained legal age), instead of having this policy continued as extended term insurance as above provided, may elect in place thereof within sixty days to surrender this policy, and, on application on forms provided by this Company, receive in exchange therefor the cash surrender value as shown in the table of Cash Surrender Values. (See Table II). If this policy shall become fully paid-up, or if this policy is being continued as extended term insurance which became effective on or after the fifth policy anniversary and more than sixty days shall have elapsed since the due date of the premium in default, the policy may be surrendered at any time for a cash value which shall be the net single premium for such benefit at the attained age of the insured, decreased by any indebtedness to the Company on the policy; and if such surrender takes place within thirty days after a policy anniversary the net single premium to be used shall be that as of such anniversary. The payment of any cash value may be deferred by the Company for not exceeding six months after application therefor and surrender of the policy.

**BASIS OF RESERVE**—The reserve under this policy shall be computed according to the 1941 Standard Industrial Table of Mortality (Commissioners Reserve Valuation Method) with interest at 3½% per annum.



MUTUAL SAVINGS
LIFE INSURANCE COMPANY
DECATUR, ALABAMA

(HEREINAFTER CALLED THE COMPANY)

**CONSIDERATION** — This policy is issued in consideration of the payment of the weekly premium stated herein on or before each Monday during the continuance of this contract until premiums shall have been paid for the life time of the Insured.

**DEATH BENEFIT** — The Company will pay to the Beneficiary the Amount of Insurance upon receipt of due proof of the death of the Insured during the continuance of this policy.

**ACCIDENTAL DEATH BENEFIT** — The Company will pay to the Beneficiary an additional amount equal to the Amount of Insurance upon receipt of due proof that the death of the Insured resulted directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means, provided the death occurs (1) before the Insured's sixty-fifth birthday, (2) within ninety days from the date on which the injuries were sustained, and (3) while premiums are not in default beyond the grace period specified in the policy. This benefit does not cover death resulting (1) from an intentional act committed by the Insured or any other person, while sane or insane, (2) from participation in an assault or felony, (3) directly or indirectly from bodily or mental infirmity or disease in any form, or medical or surgical treatment therefor, (4) from operating, riding in or descending from any aircraft except as a passenger of a common passenger carrier on a regularly scheduled flight within the continental limits of the United States and Canada, (5) from riot, strike, insurrection or any act incident thereto, or (6) directly or indirectly from war, declared or undeclared, whether or not the Insured is in military or naval service.

**BENEFIT FOR DEATH BY TRAVEL ACCIDENT** — Upon receipt of due proof that the death of the Insured resulted by accidental means within the limits and restrictions set forth in the Accidental Death Benefit provision, and that death resulted directly, and independently of all other causes, from an injury sustained while the Insured was riding as a fare-paying passenger within the enclosed part of any licensed public conveyance operated by an incorporated common carrier for the purpose of regular transportation of passengers, licensed and operating under authority of the Interstate Commerce Commission of the United States, the Company will pay, in lieu of the Death Benefit and Accidental Death Benefit provided herein, a sum equal to triple the Amount of Insurance.

**ENTIRE CONTRACT** — This policy, including this and the following pages, contains the entire contract between the parties hereto and its terms cannot be waived or otherwise changed except by endorsement hereon signed by the President or Secretary of the Company. All statements made by the Insured or in his behalf shall, in the absence of fraud, be deemed representations and not warranties. All matter written or printed on the following pages of this policy is a part of the contract as fully as if recited over the signatures appearing below.

**EFFECTIVE DATE** — This policy shall take effect on the Date of Issue, provided the first premium is paid and the Insured is in sound health and free from bodily injuries.

**IN WITNESS WHEREOF**, the Mutual Savings Life Insurance Company has caused this policy to be signed at its home office in Decatur, Alabama as of the Date of Issue appearing in the schedule.

Joe D. McPherson
SECRETARY

R. C. Collier
PRESIDENT

WHOLE LIFE INDUSTRIAL POLICY
PREMIUMS PAYABLE FOR LIFE
WITH ADDITIONAL BENEFITS FOR DISABILITY AND ACCIDENTAL DEATH
NON-PARTICIPATING

CL 1-62

**DISABILITY BENEFITS** — Upon receipt by the Company, during the lifetime of the Insured and while the premiums on this policy are not in default beyond the grace period, of due proof that the Insured has suffered any of the losses set forth below solely as a result of disease contracted after, or injuries sustained after the Date of Issue, and has survived such loss for at least thirty days, total and permanent disability shall be deemed to exist; and the Company, subject to the cancellation of this policy and in lieu of all other benefits provided herein, will make immediate payment to the Insured as set forth below, provided, however, that the Company shall not be liable for any benefit for loss of eyesight or limbs if the loss is self inflicted or results from war, declared or undeclared.

(1) A sum equal to the Amount of Insurance hereunder shall be payable in event of

(a) loss by severance of both hands at or above the wrist;

(b) loss by severance of both feet at or above the ankles;

(c) loss by severance of one hand at or above the wrist and one foot at or above the ankle; or

(d) complete and irrecoverable loss of sight of both eyes by accidental means;

(e) loss by severance of one hand at or above the wrist, and complete and irrecoverable loss of sight of one eye by accidental means;

(f) loss by severance of one foot at or above the ankle, and complete and irrecoverable loss of sight of one eye by accidental means.

**FACILITY OF PAYMENT** — Any proceeds payable to a person not legally competent to give a valid release, or to a beneficiary who has made no claim for them within thirty days following the Insured's death, may be paid to a legal guardian, spouse, parents or other relative by blood or connection by marriage of the Insured, or such other person who has assumed the responsibility for care of the Insured or may otherwise appear to the Company to be equitably entitled to the same. Proof of payment to such person shall be conclusive evidence of satisfaction of all claims for the amount so paid.

**BENEFICIARY** — The beneficiary may be changed from time to time by the person exercising control of the policy, with such change becoming effective only when endorsed on this policy by the Company. If the beneficiary predeceases the Insured, the Insured's estate shall automatically become the beneficiary.

**CONTROL OF POLICY** — The Insured alone may exercise every privilege and enjoy every benefit granted under this policy, unless the Insured is a minor. During the minority of any insured, all rights of ownership under this policy including the right to change the beneficiary shall be vested in the beneficiary named herein from time to time, or if such beneficiary predeceases the Insured, such rights shall be vested in the parents of the Insured, or in the surviving parent, or in any adult having the custody and control of said minor. After the Insured becomes of age, the ownership and control of this policy shall be vested in the Insured.

**PREMIUM PAYMENT** — Each premium is due and payable at the home office of the Company, but may be accepted elsewhere by a duly authorized agent who shall, at the time of payment, enter the same in the receipt book held by the Insured pertaining to this policy. If the agent shall not call for the premium when due or shall refuse to accept said premiums, the Insured is required, without notice, to pay the premiums at the branch office of the Company or to remit the same directly to the home office. This policy and the receipt book containing the entries of premiums paid on same shall be exhibited to the officers or authorized agents of the Company any time upon demand.

**GRACE PERIOD** — A grace period of four weeks will be granted for the payment of every premium after the first, during which time this policy shall remain in force, but after the expiration of the said period of grace, the Company's liability under this policy shall cease, except as to the non-forfeiture provisions hereinafter set out.

**REINSTATEMENT** — This policy, unless surrendered for its cash value, may be reinstated at any time within two years from the due date of the first premium in default, upon presentation of evidence of insurability satisfactory to the Company and the payment of all premiums in arrears.

**MISSTATEMENT OF AGE** — If the age of the Insured is misstated, the amount payable under this policy or the non-forfeiture privileges granted herein shall be such as the premium would have purchased at the correct age.

**INCONTESTABILITY**—This policy shall be incontestable except for non-payment of premiums after it has been in force during the lifetime of the Insured for two years from its Date of Issue.

**LIMITATIONS OF INSURANCE** — If death results within six months from the date of this policy from suicide, homicide, tuberculosis, cancer, disease of the kidneys, heart or blood vessel, or pregnancy directly or indirectly, the Company's maximum liability shall be limited to one fourth the amount of insurance otherwise payable.

**CONFORMITY WITH STATE LAWS** — Any provision of this policy, which, on the Date of Issue, is in conflict with the laws of the state to which this policy is subject is understood to be amended to conform to such laws.

**ASSIGNMENT** — Any assignment of this policy shall be void and of no effect.

**NON-FORFEITURE PROVISIONS** — **Extended Term Insurance** — At the expiration of the grace period, this policy will automatically continue from the due date of the first premium in default as non-participating paid-up term insurance, but without the benefits of the Disability Benefits, Accidental Death Benefit and Benefit for Death by Travel Accident provisions, for the amount of insurance shown in the schedule, for the term, if any, specified in the Table of Extended Term Insurance. (If there is any indebtedness to the Company hereon the values shown in the table will be modified in accordance with the clause entitled "Basis of Non-Forfeiture Values.") If this provision becomes effective after premiums on this policy have been paid for at least five years, the insurance hereunder may be surrendered at any time for the present value of such insurance at the date of surrender according to the "Basis of Non-Forfeiture Values" shown below.

**Cash Surrender Values** — After premiums on this policy have been paid for five full years, then, upon written application within ninety days after due date of the first premium in default, and surrender of premium receipt book, and surrender and cancellation of this policy, the Company will pay to the insured the amount specified in the table of Cash Surrender Values shown below, less any indebtedness to the Company hereon.

The Company may defer the payment of any Cash Surrender Value for a period not to exceed six months after the request therefor is received by the Company.

## TABLE OF CASH SURRENDER VALUES

Based upon an amount of insurance of $100.00. For other amounts the values will be in proportion.

| 5 Years | 6 Years | 7 Years | 8 Years | 9 Years | 10 Years | 11 Years | 12 Years | 13 Years | 14 Years | 15 Years | 16 Years | 17 Years | 18 Years | 19 Years | 20 Years | Non-For Factor | Age Next Birthday at Issue |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ .00 | $ .40 | $ 1.21 | $ 2.07 | $ 2.98 | $ 3.93 | $ 4.90 | $ 5.89 | $ 6.88 | $ 7.85 | $ 8.73 | $ 9.71 | $10.59 | $11.48 | $12.30 | $13.11 | $1.1312 | 1 |
| .23 | 1.03 | 1.89 | 2.81 | 3.70 | 4.74 | 5.73 | 6.71 | 7.68 | 8.63 | 9.55 | 10.44 | 11.30 | 12.14 | 12.90 | 13.83 | 1.1422 | 2 |
| .54 | 1.41 | 2.33 | 3.29 | 4.27 | 5.26 | 6.25 | 7.23 | 8.18 | 9.10 | 10.00 | 10.86 | 11.71 | 12.50 | 13.41 | 14.27 | 1.1644 | 3 |
| .87 | 1.79 | 2.73 | 3.74 | 4.74 | 5.73 | 6.72 | 7.67 | 8.60 | 9.50 | 10.37 | 11.22 | 12.07 | 12.93 | 13.79 | 14.68 | 1.1857 | 4 |
| 1.20 | 2.23 | 3.22 | 4.22 | 5.23 | 6.21 | 7.18 | 8.11 | 9.01 | 9.89 | 10.74 | 11.60 | 12.46 | 13.33 | 14.22 | 15.14 | 1.2143 | 5 |
| 1.56 | 2.56 | 3.57 | 4.58 | 5.58 | 6.55 | 7.49 | 8.39 | 9.27 | 10.14 | 11.00 | 11.86 | 12.74 | 13.64 | 14.58 | 15.51 | 1.2431 | 6 |
| 1.82 | 2.84 | 3.86 | 4.86 | 5.83 | 6.78 | 7.70 | 8.58 | 9.45 | 10.32 | 11.19 | 12.08 | 12.98 | 13.91 | 14.86 | 15.84 | 1.2801 | 7 |
| 2.02 | 3.05 | 4.06 | 5.05 | 6.01 | 6.92 | 7.82 | 8.70 | 9.57 | 10.45 | 11.34 | 12.25 | 13.19 | 14.15 | 15.14 | 16.15 | 1.3178 | 8 |
| 2.17 | 3.19 | 4.18 | 5.15 | 6.04 | 6.98 | 7.87 | 8.75 | 9.63 | 10.54 | 11.46 | 12.40 | 13.37 | 14.37 | 15.39 | 16.45 | [illegible] | 9 |
| 2.25 | 3.26 | 4.23 | 5.17 | 6.08 | 6.97 | 7.86 | 8.76 | 9.67 | 10.60 | 11.55 | 12.53 | 13.54 | 14.57 | 15.64 | 16.73 | [illegible] | 10 |
| 2.27 | 3.25 | 4.20 | 5.12 | 6.03 | 6.93 | 7.83 | 8.75 | 9.69 | 10.65 | 11.64 | 12.66 | 13.70 | 14.78 | 15.88 | 17.01 | [illegible] | 11 |
| 2.22 | 3.19 | 4.12 | 5.01 | 5.91 | 6.83 | 7.76 | 8.73 | 9.70 | 10.71 | 11.73 | 12.79 | 13.87 | 14.99 | 16.13 | 17.30 | [illegible] | 12 |
| 2.11 | 3.08 | 4.00 | 4.92 | 5.85 | 6.78 | 7.73 | 8.73 | 9.74 | 10.78 | 11.85 | 12.94 | 14.07 | 15.22 | 16.40 | 17.62 | [illegible] | 13 |
| 2.02 | 2.95 | 3.88 | 4.82 | 5.77 | 6.74 | 7.73 | 8.77 | 9.80 | 10.85 | 11.99 | 13.13 | 14.29 | 15.49 | 16.72 | 17.97 | 1.6154 | 14 |
| 1.90 | 2.81 | 3.78 | 4.71 | 5.72 | 6.73 | 7.76 | 8.82 | 9.91 | 11.03 | 12.18 | 13.36 | 14.57 | 15.81 | 17.08 | 18.37 | [illegible] | 15 |
|  | 2.75 | 3.72 | 4.71 | 5.73 | 6.77 | 7.85 | 8.95 | 10.08 | 11.24 | 12.43 | 13.66 | 14.91 | 16.19 | 17.50 | 18.83 | 1.7238 | 16 |
|  | 2.71 | 3.71 | 4.74 | 5.77 | 6.84 | 7.93 | 9.14 | 10.31 | 11.52 | 12.75 | 14.02 | 15.31 | 16.63 | 17.98 | 19.35 | 1.7773 | 17 |
|  | 2.73 | 3.76 | 4.83 | 5.92 | 7.05 | 8.21 | 9.39 | 10.61 | 11.86 | 13.14 | 14.44 | 15.78 | 17.14 | 18.52 | 19.92 | 1.8302 | 18 |
|  | 2.80 | 3.87 | 4.98 | 6.12 | 7.28 | 8.48 | 9.71 | 10.97 | 12.28 | 13.59 | 14.93 | 16.31 | 17.70 | 19.11 | 20.53 | 1.8976 | 19 |
| [illegible] | 2.92 | 4.03 | 5.18 | 6.36 | 7.57 | 8.81 | 10.07 | 11.39 | 12.72 | 14.09 | 15.47 | 16.88 | 18.31 | 19.74 | 21.18 | 1.9350 | 20 |
| 1.95 | 3.07 | 4.23 | 5.42 | 6.65 | 7.90 | 9.19 | 10.50 | 11.85 | 13.23 | 14.63 | 16.05 | 17.49 | 18.94 | 20.40 | 21.86 | 1.9682 | 21 |
| 2.07 | 3.20 | 4.46 | 5.70 | 6.96 | 8.26 | 9.60 | 10.76 | 12.35 | 13.76 | 15.20 | 16.65 | 18.12 | 19.59 | 21.07 | 22.54 | 2.0127 | 22 |
| 2.25 | 3.47 | 4.71 | 5.97 | 7.31 | 8.65 | 10.03 | 11.43 | 12.86 | 14.31 | 15.78 | 17.26 | 18.75 | 20.25 | 21.75 | 23.26 | 2.0713 | 23 |
| 2.43 | 3.69 | 4.98 | 6.31 | 7.67 | 9.05 | 10.46 | 11.92 | 13.33 | 14.88 | 16.37 | 17.87 | 19.39 | 20.91 | 22.44 | 23.96 | 2.1503 | 24 |
| 2.61 | 3.92 | 5.26 | 6.64 | 8.04 | 9.46 | 10.91 | 12.42 | 13.92 | 15.44 | 16.96 | 18.49 | 20.02 | 21.57 | 23.13 | 24.69 | 2.2302 | 25 |
| 2.80 | 4.16 | 5.55 | 6.97 | 8.43 | 9.91 | 11.41 | 12.92 | 14.45 | 15.99 | 17.54 | 19.09 | 20.64 | 22.23 | 23.81 | 25.40 | [illegible] | 26 |
| 3.00 | 4.41 | 5.85 | 7.32 | 8.82 | 10.31 | 11.81 | 13.42 | 14.98 | 16.51 | 18.12 | 19.70 | 21.23 | 22.89 | 24.50 | 26.11 | 2.3531 | 27 |
| 3.21 | 4.67 | 6.15 | 7.67 | 9.21 | [illegible] | 12.33 | 13.91 | 15.47 | 17.09 | 18.69 | 20.30 | 21.92 | 23.55 | 25.18 | 26.82 | [illegible] | 28 |
| 3.42 | 4.93 | 6.46 | 8.02 | 9.60 | 11.19 | 12.78 | 14.39 | 16.00 | 17.63 | 19.26 | 20.90 | 22.55 | 24.20 | 25.86 | 27.51 | [illegible] | 29 |
| 3.64 | 5.19 | 6.77 | 8.37 | 9.98 | 11.60 | 13.22 | 14.86 | 16.51 | 18.18 | 19.83 | 21.50 | 23.17 | 24.85 | 26.53 | 28.21 | 2.5618 | 30 |
| 3.85 | 5.45 | 7.07 | 8.70 | 10.35 | 12.00 | 13.66 | 15.33 | 17.01 | 18.69 | 20.37 | 22.09 | 23.79 | 25.49 | 27.19 | 28.90 | [illegible] | 31 |
| 4.06 | 5.70 | 7.36 | 9.02 | 10.70 | 12.35 | 14.06 | 15.58 | 17.50 | 19.22 | 20.94 | 22.68 | 24.39 | 26.12 | 27.85 | 29.59 | 2.7552 | 32 |
| 4.26 | 5.94 | 7.63 | 9.33 | 11.04 | 12.76 | 14.47 | 16.23 | 17.95 | 19.73 | 21.48 | 23.23 | 24.99 | 26.75 | 28.51 | 30.27 | 2.8492 | 33 |
| 4.44 | 6.16 | 7.89 | 9.63 | 11.37 | 13.13 | 14.90 | 16.67 | 18.45 | 20.23 | 22.01 | 23.79 | 25.58 | 27.37 | 29.16 | 30.96 | 2.9484 | 34 |
| 4.61 | 6.37 | 8.13 | 9.91 | 11.69 | 13.48 | 15.29 | 17.10 | 18.91 | 20.72 | 22.54 | 24.35 | 26.17 | 27.99 | 29.82 | 31.65 | 3.0531 | 35 |
| 4.76 | 6.56 | 8.37 | 10.18 | 12.01 | 13.83 | 15.68 | 17.52 | 19.37 | 21.21 | 23.08 | 24.91 | 26.76 | 28.62 | 30.48 | 32.33 | 3.1632 | 36 |
| 4.91 | 6.75 | 8.60 | 10.44 | 12.30 | 14.14 | 16.06 | 17.91 | 19.82 | 21.70 | 23.58 | 25.46 | 27.35 | 29.25 | 31.15 | 33.05 | 3.2788 | 37 |
| 5.05 | 6.93 | 8.83 | 10.73 | 12.63 | 14.54 | 16.45 | 18.36 | 20.27 | 22.19 | 24.11 | 26.03 | 27.96 | 29.90 | 31.84 | 33.77 | 3.4000 | 38 |
| 5.20 | 7.12 | 9.06 | 11.00 | 12.94 | 14.89 | 16.83 | 18.78 | 20.74 | 22.69 | 24.65 | 26.62 | 28.59 | 30.56 | 32.53 | 34.49 | 3.5267 | 39 |
| 5.35 | 7.32 | 9.29 | 11.27 | 13.24 | 15.24 | 17.23 | 19.22 | 21.21 | 23.21 | 25.21 | 27.22 | 29.23 | 31.24 | 33.24 | 35.22 | 3.6590 | 40 |
| 5.50 | 7.51 | 9.53 | 11.55 | 13.58 | 15.60 | 17.63 | 19.66 | 21.70 | 23.74 | 25.79 | 27.84 | 29.89 | 31.92 | 33.94 | 35.93 | 3.7972 | 41 |
| 5.65 | 7.71 | 9.77 | 11.83 | 13.90 | 15.97 | 18.04 | 20.12 | 22.21 | 24.30 | 26.39 | 28.48 | 30.58 | 32.61 | 34.64 | 36.61 | 3.9412 | 42 |
| 5.83 | 7.94 | 10.06 | 12.17 | 14.28 | 16.40 | 18.52 | 20.64 | 22.78 | 24.91 | 27.04 | 29.18 | 31.26 | 33.33 | 35.36 | 37.35 | 4.0809 | 43 |
| 6.10 | 8.21 | 10.39 | 12.55 | 14.71 | 16.87 | 19.01 | 21.21 | 23.39 | 25.56 | 27.73 | 29.87 | 31.98 | 34.05 | 36.09 | 38.07 | 4.2102 | 44 |
| 6.34 | 8.53 | 10.73 | 12.91 | 15.11 | 17.36 | 19.58 | 21.80 | 24.02 | 26.23 | 28.41 | 30.57 | 32.69 | 34.76 | 36.78 | 38.76 | 4.3984 | 45 |
| 6.59 | 8.83 | 11.08 | 13.34 | 15.60 | 17.87 | 20.11 | 22.40 | 24.66 | 26.89 | 29.09 | 31.25 | 33.37 | 35.44 | 37.46 | 39.43 | 4.5639 | 46 |
| 6.85 | 9.15 | 11.45 | 13.76 | 16.05 | 18.43 | 20.71 | 23.02 | 25.33 | 27.55 | 29.78 | 31.92 | 34.03 | 36.10 | 38.12 | 40.09 | 4.7370 | 47 |
| 7.12 | 9.47 | 11.84 | 14.20 | 16.54 | 18.94 | 21.30 | 23.63 | 25.93 | 28.19 | 30.40 | 32.59 | 34.67 | 36.73 | 38.75 | 40.72 | 4.9182 | 48 |
| 7.40 | 9.82 | 12.24 | 14.61 | 17.03 | 19.50 | 21.80 | 24.21 | 26.55 | 28.81 | 31.02 | 33.18 | 35.29 | 37.35 | 39.37 | 41.35 | 5.1070 | 49 |
| 7.71 | 10.18 | 12.67 | 15.15 | 17.61 | 20.06 | 22.44 | 24.83 | 27.14 | 29.40 | 31.61 | 33.77 | 35.88 | 37.95 | 39.98 | 41.96 | 5.3066 | 50 |
| 8.03 | 10.57 | 13.11 | 15.64 | 18.14 | 20.60 | 23.02 | 25.39 | 27.71 | 29.97 | 32.18 | 34.34 | 36.46 | 38.53 | 40.57 | 42.56 | 5.5151 | 51 |
| 8.37 | 10.97 | 13.58 | 16.17 | 18.73 | 21.13 | 23.58 | 25.93 | 28.25 | 30.51 | 32.73 | 34.90 | 37.02 | 39.10 | 41.15 | 43.10 | 5.7313 | 52 |
| 8.72 | 11.37 | 14.00 | 16.55 | 19.13 | 21.72 | [illegible] | [illegible] | 28.76 | 31.03 | 33.25 | 35.43 | 37.56 | 39.65 | 41.72 | 43.68 | 5.9649 | 53 |
| 9.07 | 11.78 | 14.42 | 17.03 | 19.53 | 22.06 | 24.52 | 26.90 | 29.23 | 31.51 | 33.75 | 35.94 | 38.09 | 40.21 | 42.29 | 44.36 | 6.2080 | 54 |
| 9.40 | 12.12 | 14.80 | 17.43 | 19.99 | 22.50 | 24.51 | 27.33 | 29.68 | 31.97 | 34.22 | 36.43 | 38.61 | 40.75 | 42.87 | 44.98 | [illegible] | 55 |
| 9.70 | 12.45 | 15.15 | 17.78 | 20.30 | 22.87 | 25.33 | 27.74 | 30.07 | 32.41 | 34.68 | 36.91 | 39.11 | 41.29 | 43.46 | 45.64 | 6.7368 | 56 |
| 9.90 | 12.74 | 15.45 | 18.09 | 20.64 | 23.21 | [illegible] | 28.11 | 30.49 | 32.82 | 35.12 | 37.38 | 39.62 | 41.86 | 44.10 | 46.35 | 7.0243 | 57 |
| [illegible] | 12.98 | 15.70 | 18.36 | 20.95 | 23.51 | 26.01 | 28.46 | 30.88 | 33.22 | 35.55 | 37.86 | 40.16 | 42.46 | 44.79 | 47.12 | 7.3282 | 58 |
| [illegible] | 13.18 | 15.92 | 18.60 | 21.22 | 23.79 | 26.31 | 28.79 | 31.22 | 33.62 | 36.00 | 38.37 | 40.74 | 43.13 | 45.54 | 47.96 | 7.6487 | 59 |
| [illegible] | 13.35 | 16.11 | 18.82 | 21.47 | 24.06 | [illegible] | 29.12 | 31.60 | 34.05 | 36.49 | 38.93 | 41.40 | 43.88 | 46.37 | 48.85 | 7.9855 | 60 |

## TABLE OF AUTOMATIC EXTENDED INSURANCE

Period that insurance automatically continues after premiums have been paid for the number of years indicated.

| Age Next Birthday at Issue | 2 Years | | 3 Years | | 4 Years | | 5 Years | | 6 Years | | 7 Years | | 8 Years | | 9 Years | | 10 Years | | 11 Years | | 12 Years | | 13 Years | | 14 Years | | 15 Years | | 16 Years | | 17 Years | | 18 Years | | 19 Years | | 20 Years | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days | Years | Days |
| 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 298 | 2 | 305 | 4 | 306 | 6 | 70 | 7 | 34 | 7 | 276 | 8 | 121 | 8 | 316 | 9 | 154 | 9 | 363 | 10 | 217 | 11 | 70 | 11 | 313 | 12 | 184 | 13 | 93 |
| 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 166 | 2 | 144 | 4 | 167 | 5 | 330 | 6 | 311 | 7 | 198 | 8 | 40 | 8 | 246 | 9 | 83 | 9 | 203 | 10 | 148 | 11 | 9 | 11 | 245 | 12 | 117 | 12 | 352 | 13 | 115 |
| 3 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 77 | 3 | 131 | 5 | 24 | 6 | 61 | 6 | 344 | 7 | 205 | 8 | 44 | 8 | 253 | 9 | 98 | 9 | 318 | 10 | 184 | 11 | 85 | 11 | 290 | 12 | 171 | 13 | 39 | 13 | 260 |
| 4 | 0 | 0 | 0 | 0 | 0 | 0 | 2 | 13 | 4 | 9 | 5 | 126 | 6 | 84 | 6 | 330 | 7 | 168 | 8 | 31 | 8 | 245 | 9 | 103 | 9 | 334 | 10 | 209 | 11 | 87 | 11 | 331 | 12 | 206 | 13 | 60 | 13 | 280 |
| 5 | 0 | 0 | 0 | 0 | 0 | 277 | 2 | 330 | 4 | 179 | 5 | 194 | 6 | 106 | 6 | 335 | 7 | 185 | 8 | 36 | 8 | 261 | 9 | 130 | 10 | 8 | 10 | 252 | 11 | 134 | 12 | 13 | 12 | 248 | 13 | 103 | 13 | 301 |
| 6 | 0 | 0 | 0 | 0 | 1 | 134 | 3 | 111 | 4 | 218 | 5 | 171 | 6 | 61 | 6 | 265 | 7 | 141 | 8 | 1 | 8 | 239 | 9 | 117 | 10 | 1 | 10 | 253 | 11 | 136 | 12 | 11 | 12 | 244 | 13 | 80 | 13 | 278 |
| 7 | 0 | 0 | 0 | 0 | 1 | 290 | 3 | 159 | 4 | 189 | 5 | 112 | 5 | 354 | 6 | 217 | 7 | 81 | 7 | 319 | 8 | 201 | 9 | 88 | 9 | 344 | 10 | 234 | 11 | 118 | 11 | 307 | 12 | 314 | 13 | 41 | 13 | 232 |
| 8 | 0 | 0 | 0 | 0 | 2 | 2 | 3 | 141 | 4 | 122 | 5 | 27 | 5 | 268 | 6 | 136 | 7 | 11 | 7 | 261 | 8 | 151 | 9 | 45 | 9 | 305 | 10 | 197 | 11 | 80 | 11 | 314 | 12 | 162 | 12 | 350 | 13 | 152 |
| 9 | 0 | 0 | 0 | 72 | 2 | 10 | 3 | 61 | 4 | 31 | 4 | 291 | 5 | 170 | 6 | 48 | 6 | 300 | 7 | 194 | 8 | 92 | 8 | 355 | 9 | 254 | 10 | 148 | 11 | 25 | 11 | 252 | 12 | 92 | 12 | 273 | 13 | 66 |
| 10 | 0 | 0 | 0 | 119 | 1 | 337 | 2 | 361 | 3 | 290 | 4 | 184 | 5 | 69 | 5 | 323 | 6 | 226 | 7 | 121 | 8 | 21 | 8 | 293 | 9 | 192 | 10 | 83 | 10 | 323 | 11 | 178 | 12 | 9 | 12 | 181 | 12 | 333 |
| 11 | 0 | 0 | 0 | 128 | 1 | 271 | 2 | 260 | 3 | 180 | 4 | 76 | 4 | 334 | 5 | 234 | 6 | 130 | 7 | 45 | 7 | 318 | 8 | 225 | 9 | 124 | 10 | 12 | 10 | 248 | 11 | 84 | 11 | 282 | 12 | 83 | 12 | 229 |
| 12 | 0 | 0 | 0 | 102 | 1 | 192 | 2 | 157 | 3 | 73 | 3 | 338 | 4 | 240 | 5 | 117 | 6 | 57 | 6 | 335 | 7 | 248 | 8 | 135 | 9 | 81 | 9 | 304 | 10 | 168 | 11 | 8 | 11 | 186 | 11 | 340 | 12 | 122 |
| 13 | 0 | 0 | 0 | 75 | 1 | 111 | 2 | 59 | 2 | 337 | 3 | 243 | 4 | 134 | 5 | 67 | 5 | 349 | 6 | 266 | 7 | 181 | 8 | 80 | 8 | 352 | 9 | 231 | 10 | 86 | 10 | 282 | 11 | 91 | 11 | 245 | 12 | 13 |
| 14 | 0 | 0 | 0 | 35 | 1 | 34 | 1 | 335 | 2 | 251 | 3 | 164 | 4 | 80 | 4 | 364 | 5 | 286 | 6 | 207 | 7 | 123 | 8 | 31 | 8 | 290 | 9 | 162 | 10 | 8 | 10 | 187 | 10 | 364 | 11 | 147 | 11 | 277 |
| 15 | 0 | 0 | 0 | 0 | 0 | 332 | 1 | 262 | 2 | 180 | 3 | 99 | 4 | 21 | 4 | 311 | 5 | 237 | 6 | 160 | 7 | 77 | 7 | 348 | 8 | 238 | 9 | 99 | 9 | 302 | 10 | 118 | 10 | 279 | 11 | 56 | 11 | 181 |
| 16 | 0 | 0 | 0 | 0 | 0 | 279 | 1 | 208 | 2 | 128 | 3 | 53 | 3 | 346 | 4 | 278 | 5 | 204 | 6 | 129 | 7 | 45 | 7 | 312 | 8 | 191 | 9 | 45 | 9 | 239 | 10 | 47 | 10 | 202 | 10 | 338 | 11 | 91 |
| 17 | 0 | 0 | 0 | 0 | 0 | 242 | 1 | 169 | 2 | 97 | 3 | 27 | 3 | 325 | 4 | 258 | 5 | 189 | 6 | 114 | 7 | 27 | 7 | 286 | 8 | 135 | 8 | 361 | 9 | 185 | 9 | 351 | 10 | 134 | 10 | 264 | 11 | 12 |
| 18 | 0 | 0 | 0 | 0 | 0 | 222 | 1 | 152 | 2 | 85 | 3 | 20 | 3 | 322 | 4 | 258 | 5 | 190 | 6 | 113 | 7 | 21 | 7 | 270 | 8 | 128 | 8 | 327 | 9 | 140 | 9 | 296 | 10 | 74 | 10 | 198 | 10 | 306 |
| 19 | 0 | 0 | 0 | 0 | 0 | 217 | 1 | 152 | 2 | 90 | 3 | 30 | 3 | 335 | 4 | 273 | 5 | 205 | 6 | 124 | 7 | 22 | 7 | 259 | 8 | 108 | 8 | 296 | 9 | 101 | 9 | 252 | 10 | 20 | 10 | 138 | 10 | 241 |
| 20 | 0 | 0 | 0 | 0 | 0 | 225 | 1 | 166 | 2 | 108 | 3 | 52 | 3 | 360 | 4 | 299 | 5 | 228 | 6 | 132 | 7 | 26 | 7 | 251 | 8 | 88 | 8 | 260 | 9 | 65 | 9 | 209 | 9 | 336 | 10 | 62 | 10 | 180 |
| 21 | 0 | 0 | 0 | 0 | 0 | 243 | 1 | 189 | 2 | 136 | 3 | 84 | 4 | 28 | 4 | 331 | 5 | 254 | 6 | 155 | 7 | 29 | 7 | 243 | 8 | 70 | 8 | 242 | 9 | 31 | 9 | 168 | 9 | 286 | 10 | 28 | 10 | 122 |
| 22 | 0 | 0 | 0 | 0 | 0 | 267 | 1 | 218 | 2 | 170 | 3 | 120 | 4 | 65 | 4 | 363 | 5 | 278 | 6 | 166 | 7 | 28 | 7 | 232 | 8 | 50 | 8 | 215 | 8 | 360 | 9 | 126 | 9 | 240 | 9 | 340 | 10 | 63 |
| 23 | 0 | 0 | 0 | 0 | 0 | 295 | 1 | 250 | 2 | 206 | 3 | 157 | 4 | 100 | 5 | 27 | 5 | 295 | 6 | 171 | 7 | 22 | 7 | 217 | 8 | 27 | 8 | 184 | 8 | 323 | 9 | 81 | 9 | 190 | 9 | 285 | 10 | 3 |
| 24 | 0 | 0 | 0 | 0 | 0 | 324 | 1 | 284 | 2 | 242 | 3 | 193 | 4 | 132 | 5 | 49 | 5 | 305 | 6 | 169 | 7 | 10 | 7 | 197 | 7 | 364 | 8 | 149 | 8 | 282 | 9 | 34 | 9 | 138 | 9 | 220 | 9 | 308 |
| 25 | 0 | 0 | 0 | 25 | 0 | 353 | 1 | 310 | 2 | 278 | 3 | 225 | 4 | 157 | 5 | 62 | 5 | 306 | 6 | 161 | 6 | 358 | 7 | 173 | 7 | 332 | 8 | 110 | 8 | 237 | 8 | 346 | 9 | 82 | 9 | 160 | 9 | 246 |
| 26 | 0 | 0 | 0 | 50 | 1 | 17 | 1 | 348 | 2 | 307 | 3 | 252 | 4 | 174 | 5 | 63 | 5 | 309 | 6 | 144 | 6 | 338 | 7 | 113 | 7 | 298 | 8 | 37 | 8 | 188 | 8 | 305 | 9 | 24 | 9 | 100 | 9 | 181 |
| 27 | 0 | 0 | 0 | 74 | 1 | 46 | 2 | 13 | 2 | 335 | 3 | 277 | 4 | 182 | 5 | 65 | 5 | 289 | 6 | 121 | 6 | 310 | 7 | 102 | 7 | 254 | 8 | 20 | 8 | 137 | 8 | 239 | 8 | 329 | 9 | 44 | 9 | 113 |
| 28 | 0 | 0 | 0 | 98 | 1 | 73 | 2 | 40 | 2 | 357 | 3 | 284 | 4 | 182 | 5 | 55 | 5 | 271 | 6 | 102 | 6 | 273 | 7 | 71 | 7 | 211 | 7 | 336 | 8 | 82 | 8 | 181 | 8 | 268 | 8 | 344 | 9 | 40 |
| 29 | 0 | 0 | 0 | 122 | 1 | 99 | 2 | 63 | 3 | 7 | 3 | 287 | 4 | 176 | 5 | 41 | 5 | 249 | 6 | 73 | 6 | 242 | 7 | 28 | 7 | 163 | 7 | 283 | 8 | 24 | 8 | 120 | 8 | 204 | 8 | 278 | 8 | 340 |
| 30 | 0 | 0 | 0 | 145 | 1 | 121 | 2 | 80 | 3 | 14 | 3 | 284 | 4 | 164 | 5 | 21 | 5 | 223 | 6 | 39 | 6 | 207 | 6 | 347 | 7 | 112 | 7 | 220 | 7 | 330 | 8 | 67 | 8 | 139 | 8 | 210 | 8 | 269 |
| 31 | 0 | 0 | 0 | 166 | 1 | 140 | 2 | 91 | 3 | 14 | 3 | 275 | 4 | 141 | 4 | 362 | 5 | 192 | 6 | 1 | 6 | 159 | 6 | 294 | 7 | 58 | 7 | 170 | 7 | 270 | 7 | 358 | 8 | 72 | 8 | 139 | 8 | 194 |
| 32 | 0 | 0 | 0 | 184 | 1 | 133 | 2 | 95 | 3 | 8 | 3 | 261 | 4 | 120 | 4 | 334 | 5 | 157 | 5 | 336 | 6 | 111 | 6 | 247 | 7 | 2 | 7 | 111 | 7 | 200 | 7 | 294 | 8 | 3 | 8 | 60 | 8 | 110 |
| 33 | 0 | 0 | 0 | 199 | 1 | 161 | 2 | 93 | 2 | 362 | 3 | 243 | 4 | 101 | 4 | 302 | 5 | 119 | 5 | 281 | 6 | 62 | 6 | 193 | 6 | 310 | 7 | 50 | 7 | 143 | 7 | 228 | 7 | 297 | 7 | 354 | 8 | 34 |
| 34 | 0 | 0 | 0 | 210 | 1 | 182 | 2 | 85 | 2 | 347 | 3 | 221 | 4 | 77 | 4 | 267 | 5 | 77 | 5 | 231 | 6 | 9 | 6 | 137 | 6 | 252 | 6 | 353 | 7 | 80 | 7 | 130 | 7 | 225 | 7 | 277 | 7 | 318 |
| 35 | 0 | 0 | 0 | 217 | 1 | 180 | 2 | 74 | 2 | 329 | 3 | 198 | 4 | 40 | 4 | 228 | 5 | 37 | 5 | 185 | 5 | 322 | 6 | 81 | 6 | 193 | 6 | 292 | 7 | 13 | 7 | 68 | 7 | 160 | 7 | 197 | 7 | 232 |
| 36 | 0 | 0 | 0 | 219 | 1 | 153 | 2 | 60 | 2 | 300 | 3 | 168 | 4 | 5 | 4 | 180 | 4 | 351 | 5 | 135 | 5 | 260 | 6 | 24 | 6 | 133 | 6 | 229 | 6 | 317 | 7 | 10 | 7 | 72 | 7 | 115 | 7 | 145 |
| 37 | 0 | 0 | 0 | 219 | 1 | 145 | 2 | 44 | 2 | 285 | 3 | 138 | 3 | 334 | 4 | 146 | 4 | 305 | 5 | 84 | 5 | 213 | 5 | 332 | 6 | 73 | 6 | 165 | 6 | 244 | 6 | 307 | 6 | 357 | 7 | 29 | 7 | 58 |
| 38 | 0 | 0 | 0 | 217 | 1 | 133 | 2 | 27 | 2 | 261 | 3 | 101 | 3 | 297 | 4 | 104 | 4 | 259 | 5 | 31 | 5 | 163 | 5 | 277 | 6 | 12 | 6 | 101 | 6 | 174 | 6 | 233 | 6 | 278 | 6 | 310 | 6 | 333 |
| 39 | 0 | 0 | 0 | 215 | 1 | 125 | 2 | 10 | 2 | 237 | 3 | 76 | 3 | 261 | 4 | 62 | 4 | 214 | 4 | 351 | 5 | 111 | 5 | 222 | 5 | 316 | 6 | 35 | 6 | 103 | 6 | 157 | 6 | 197 | 6 | 227 | 6 | 247 |
| 40 | 0 | 0 | 0 | 212 | 1 | 115 | 1 | 357 | 2 | 212 | 3 | 45 | 3 | 225 | 4 | 22 | 4 | 171 | 4 | 301 | 5 | 60 | 5 | 167 | 5 | 258 | 5 | 334 | 6 | 31 | 6 | 80 | 6 | 117 | 6 | 144 | 6 | 162 |
| 41 | 0 | 0 | 0 | 210 | 1 | 105 | 1 | 340 | 2 | 188 | 3 | 15 | 3 | 190 | 3 | 348 | 4 | 128 | 4 | 259 | 5 | 9 | 5 | 111 | 5 | 197 | 5 | 268 | 5 | 324 | 6 | 1 | 6 | 35 | 6 | 60 | 6 | 77 |
| 42 | 0 | 0 | 0 | 207 | 1 | 94 | 1 | 322 | 2 | 164 | 2 | 350 | 3 | 156 | 3 | 311 | 4 | 87 | 4 | 213 | 4 | 324 | 5 | 55 | 5 | 135 | 5 | 200 | 5 | 252 | 5 | 292 | 5 | 321 | 5 | 343 | 5 | 359 |
| 43 | 0 | 0 | 0 | 211 | 1 | 90 | 1 | 311 | 2 | 146 | 2 | 327 | 3 | 129 | 3 | 279 | 4 | 50 | 4 | 172 | 4 | 277 | 5 | 0 | 5 | 75 | 5 | 135 | 5 | 183 | 5 | 220 | 5 | 248 | 5 | 269 | 5 | 284 |
| 44 | 0 | 0 | 0 | 218 | 1 | 89 | 1 | 302 | 2 | 132 | 2 | 308 | 3 | 105 | 3 | 252 | 4 | 17 | 4 | 133 | 4 | 232 | 4 | 314 | 5 | 16 | 5 | 71 | 5 | 116 | 5 | 150 | 5 | 177 | 5 | 198 | 5 | 212 |
| 45 | 0 | 0 | 0 | 224 | 1 | 87 | 1 | 294 | 2 | 116 | 2 | 290 | 3 | 82 | 3 | 223 | 3 | 347 | 4 | 97 | 4 | 184 | 4 | 260 | 4 | 322 | 5 | 6 | 5 | 48 | 5 | 81 | 5 | 107 | 5 | 127 | 5 | 141 |
| 46 | 0 | 0 | 0 | 229 | 1 | 83 | 1 | 288 | 2 | 104 | 2 | 272 | 3 | 58 | 3 | 194 | 3 | 312 | 4 | 49 | 4 | 135 | 4 | 206 | 4 | 263 | 4 | 310 | 4 | 347 | 5 | 12 | 5 | 38 | 5 | 57 | 5 | 71 |
| 47 | 0 | 0 | 0 | 233 | 1 | 82 | 1 | 277 | 2 | 91 | 2 | 254 | 3 | 34 | 3 | 161 | 3 | 276 | 4 | 4 | 4 | 84 | 4 | 151 | 4 | 205 | 4 | 249 | 4 | 285 | 4 | 314 | 4 | 338 | 4 | 354 | 5 | 1 |
| 48 | 0 | 8 | 0 | 237 | 1 | 80 | 1 | 270 | 2 | 78 | 2 | 236 | 3 | 9 | 3 | 133 | 3 | 237 | 3 | 324 | 4 | 33 | 4 | 95 | 4 | 147 | 4 | 189 | 4 | 224 | 4 | 252 | 4 | 275 | 4 | 292 | 4 | 304 |
| 49 | 0 | 19 | 0 | 241 | 1 | 78 | 1 | 263 | 2 | 65 | 2 | 217 | 2 | 349 | 3 | 99 | 3 | 197 | 3 | 279 | 3 | 346 | 4 | 40 | 4 | 88 | 4 | 130 | 4 | 164 | 4 | 192 | 4 | 214 | 4 | 231 | 4 | 243 |
| 50 | 0 | 29 | 0 | 244 | 1 | 76 | 1 | 256 | 2 | 52 | 2 | 197 | 2 | 321 | 3 | 64 | 3 | 156 | 3 | 233 | 3 | 297 | 3 | 350 | 4 | 32 | 4 | 72 | 4 | 105 | 4 | 132 | 4 | 154 | 4 | 171 | 4 | 184 |
| 51 | 0 | 39 | 0 | 248 | 1 | 74 | 1 | 248 | 2 | 38 | 2 | 173 | 2 | 292 | 3 | 27 | 3 | 114 | 3 | 187 | 3 | 248 | 3 | 300 | 3 | 343 | 4 | 14 | 4 | 47 | 4 | 73 | 4 | 94 | 4 | 112 | 4 | 125 |
| 52 | 0 | 48 | 0 | 252 | 1 | 72 | 1 | 240 | 2 | 21 | 2 | 151 | 2 | 261 | 2 | 354 | 3 | 71 | 3 | 141 | 3 | 200 | 3 | 249 | 3 | 291 | 3 | 326 | 3 | 355 | 4 | 14 | 4 | 38 | 4 | 53 | 4 | 68 |
| 53 | 0 | 57 | 0 | 255 | 1 | 69 | 1 | 229 | 2 | 3 | 2 | 125 | 2 | 229 | 2 | 317 | 3 | 27 | 3 | 94 | 3 | 151 | 3 | 200 | 3 | 241 | 3 | 275 | 3 | 303 | 3 | 328 | 3 | 346 | 3 | 362 | 4 | 12 |
| 54 | 0 | 66 | 0 | 258 | 1 | 64 | 1 | 217 | 1 | 347 | 2 | 97 | 2 | 193 | 2 | 279 | 2 | 350 | 3 | 48 | 3 | 104 | 3 | 151 | 3 | 191 | 3 | 224 | 3 | 253 | 3 | 278 | 3 | 297 | 3 | 314 | 3 | 327 |
| 55 | 0 | 73 | 0 | 258 | 1 | 57 | 1 | 201 | 1 | 325 | 2 | 67 | 2 | 161 | 2 | 241 | 2 | 309 | 3 | 2 | 3 | 84 | 3 | 102 | 3 | 141 | 3 | 174 | 3 | 203 | 3 | 228 | 3 | 249 | 3 | 266 | 3 | 279 |
| 56 | 0 | 89 | 0 | 257 | 1 | 47 | 1 | 181 | 1 | 300 | 2 | 36 | 2 | 125 | 2 | 202 | 2 | 264 | 2 | 324 | 3 | 8 | 3 | 83 | 3 | 87 | 3 | 125 | 3 | 155 | 3 | 180 | 3 | 207 | 3 | 219 | 3 | 230 |
| 57 | 0 | 84 | 0 | 253 | 1 | 35 | 1 | 164 | 1 | 274 | 2 | 3 | 2 | 89 | 2 | 164 | 2 | 228 | 2 | 282 | 2 | 329 | 3 | 8 | 3 | 43 | 3 | 77 | 3 | 107 | 3 | 133 | 3 | 155 | 3 | 170 | 3 | 179 |
| 58 | 0 | 87 | 0 | 247 | 1 | 20 | 1 | 143 | 1 | 248 | 1 | 337 | 2 | 53 | 2 | 125 | 2 | 188 | 2 | 241 | 2 | 287 | 2 | 327 | 2 | 361 | 3 | 31 | 3 | 61 | 3 | 87 | 3 | 107 | 3 | 121 | 3 | 128 |
| 59 | 0 | 87 | 0 | 239 | 1 | 4 | 1 | 120 | 1 | 221 | 1 | 307 | 2 | 18 | 2 | 88 | 2 | 148 | 2 | 201 | 2 | 247 | 2 | 286 | 2 | 322 | 2 | 352 | 3 | 16 | 3 | 41 | 3 | 60 | 3 | 69 | 3 | 70 |
| 60 | 0 | 86 | 0 | 230 | 0 | 352 | 1 | 98 | 1 | 194 | 1 | 277 | 1 | 349 | 2 | 51 | 2 | 110 | 2 | 162 | 2 | 208 | 2 | 248 | 2 | 284 | 2 | 315 | 2 | 340 | 2 | 360 | 3 | 8 | 3 | 14 | 3 | 11 |

The values are as great or greater than the minimum values required by the law of the State to which this policy is subject.

The values in the two tables are based upon premium payments for the exact period stated. Payment of additional weekly premiums beyond the last completed policy year will increase the values on a proportionate basis. Values for intermediate periods and for subsequent years will be furnished upon request.

**Basis of Non-Forfeiture Values** -- The values in the two tables above are the present values of the benefits provided in the policy, exclusive of the benefits, if any contained in Disability Benefit, Accidental Death Benefit and Benefit for Death by Travel Accident provisions less the present value of the future adjusted premiums according to the 1941 Substandard Industrial Mortality Table with interest at 3½% per annum using 130% mortality for Extended Term Insurance. The adjusted annual premiums per $100 insurance are shown in the table of Cash Surrender Values. If there is any indebtedness to the Company on this policy, the amount of Extended Term Insurance shall be the amount stated in the Schedule, applicable as of the date of death, less such indebtedness, and the term shall be for such period as the cash surrender value less indebtedness will purchase when applied as a net single premium computed upon 130% of the mortality rates of the 1941 Substandard Industrial Mortality Table with interest at 3½% per annum.

2003

# Mutual Savings Life Insurance Company

HOME OFFICE:
DECATUR, ALABAMA

PLEASE READ YOUR POLICY AND PREMIUM RECEIPT BOOK

WHOLE LIFE INDUSTRIAL POLICY
PREMIUMS PAYABLE FOR LIFE
WITH ADDITIONAL BENEFITS FOR
DISABILITY AND ACCIDENTAL DEATH
NON-PARTICIPATING

CL 1-62

## SCHEDULE

| NAME OF INSURED | NAME OF BENEFICIARY | TYPE CL | AGE* |
|---|---|---|---|
| IDA LEE BOYD | JUANITA WATKINS | CL | 37 |

| PREMIUMS PAYABLE | WEEKLY PREMIUM | † AMOUNT OF INSURANCE | POLICY NUMBER | DATE OF ISSUE MO. | DAY | YEAR | DISTRICT | DEBIT |
|---|---|---|---|---|---|---|---|---|
| FOR LIFE | 96 Cts. | $ 1000 | CL 6884563 | 4 | 9 | 62 | 1 | 2022 CL |

* Age next birthday.

† Schedule of Death Benefits for each $100 of Amount of Insurance

| Attained Age At Time Of Death | Death Benefit Per $100 Amount of Insurance |
|---|---|
| Under 1 Yr. | $25 |
| Over 1 Year Under 2 Years | $50 |
| Over 2 Years Under 3 Years | $75 |
| 3 Years or Over | $100 |

## ENDORSEMENTS

NAME OF INSURED CHANGED TO: JOHNSON, IDA LEE
DATED: 4-16-79
COUNTERSIGNED:

[signature]

SENIOR VICE PRESIDENT &
SECRETARY-TREASURER