FILED

2004 Nov-24 PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

FILED

04 NOV 24 PM 12:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| GLENDA CARNEGIE and | ) | |
| IDA LEE JOHNSON, on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-99-S-3292-NE |
| | ) | |
| MUTUAL SAVINGS LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AMENDING FINAL JUDGMENT

It is **CONSIDERED**, **ORDERED**, **ADJUDGED**, and **DECREED** *sua sponte*

that paragraph number 13 of the Final Judgment and order approving the parties'

Stipulation of Settlement, entered in this action on November 23, 2004 (doc. no. 146),

be, and the same hereby is, amended to read as follows:

> 13. Counsel of record for the Class are hereby awarded the aggregate sum or amount of Two Million, Three Hundred Fifty Thousand, and no/100ths Dollars ($2,350,000.00) as reimbursement for all past, present, and future attorneys' fees, costs, expenses, and disbursements of all Class Counsel and their experts, staff, and consultants combined. In accordance with the terms of the Stipulation of Settlement filed on June 3, 2004,[1] Mutual Savings shall pay that

---

[1] The parties original "Class Action Stipulation of Settlement" was referenced in, and attached to, their "Joint Motion for Preliminary Approval of Proposed Class Action Settlement" filed in this action on May 24, 2004, as document number 92. A "Corrected Stipulation" of settlement

amount to the firms of Whatley Drake, L.L.C., within ten days of the "Implementation Date" of the Final Judgment and order approving the parties' Stipulation of Settlement.[2] The firms of Whatley Drake, L.L.C.,

---

was referenced in and attached to the parties "Amended Joint Motion for Preliminary Approval of Corrected Stipulation" filed on June 3, 2004 (doc. no. 95). Part IX of the Corrected Stipulation of Settlement, pertaining to the subject of "Attorneys' Fees and Expenses," provides, in pertinent part, as follows:

> 1.     **Class Counsel** jointly agree to make, and the Company agrees not to oppose, an application for the award of Attorneys' Fees and Expenses in the **Action** not to exceed an aggregate total of $2.35 million for all past, present and future fees, costs, expenses, and disbursements of all **Class Counsel** and their experts, staff and consultants combined. Any award made by the **Court** up to said amount will be paid by the Company within 10 days of the **Implementation Date** to Whatley Drake, L.L.C.

> 2.     **Class Counsel**, in its sole discretion, shall be solely responsible to allocate and distribute this award of Attorneys' Fees and Expenses among counsel for the Class herein.

Doc. no. 95 (Corrected Stipulation of Settlement), Part. IX, ¶¶ 1-2, at 38 (boldface emphasis in original). The phrase "**Class Counsel**" is defined elsewhere in the same document as "mean[ing] the laws firms of Whatley Drake, L.L.C. and Watson, Jimmerson, Givhan, Martin & McKinney, P.C." *Id.*, Part II(A), at 5.

---

[2] The phrase "Implementation Date" is defined by the parties' Corrected Stipulation of Settlement as "mean[ing] the date on which the Company shall begin disbursement of the relief provided for herein, which shall be 56 days after the Effective Date." *Id.* at 6. The phrase "Effective Date," in turn, is defined in the same document in the following manner:

> "**Effective Date**" means the date on which the Final Judgment and Order Approving this Settlement becomes final and no longer subject to appeal. For purposes of this definition, the Final Judgment and Order shall become final on the later of the following dates:

> a.     if no appeal is taken therefrom, on the date on which the time to appeal therefrom has expired; or

> b.     if any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally

and Watson, Jimmerson, Givhan, Martin & McKinney, P.C., shall be solely responsible to allocate and distribute this award of attorneys' fees and expenses among counsel for the Class herein.[3]

All other terms of the said Final Judgment and order approving the parties'

Stipulation of Settlement, except as specifically modified hereinabove, remain in full

force and effect.

DONE and ORDERED this **24**th day of November, 2004.

United States District Judge

_____

disposed of in a manner resulting in an affirmance of the Final Judgment and Order Approving Settlement.

*Id.* at 5-6 (boldface emphasis in original).

[3] *See supra* note 1.

3